UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRENDA HURSTON,

               Plaintiff,                        Civil Action No. C-1-01-313

    vs.

BUTLER COUNTY DEPARTMENT           Weber, J.
OF JOB AND FAMILY SERVICES,       Sherman, M.J.

               Defendant.

**REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO FIND DEFENDANT IN CONTEMPT (Doc. 76) BE DENIED**
                        **\*\*\***
**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS REPORT & RECOMMENDATION**

This is an employment discrimination case filed *pro se*. On July 24, 2003, plaintiff filed a motion (doc. 76) requesting the Court to find defendant in contempt for failing to produce reports of plaintiff's examination by Dr. Sammarco as previously ordered by the Court.

## BACKGROUND

On February 27, 2003, following a hearing on then pending discovery motions, the Court entered an Order that, in part, directed plaintiff to attend an examination by Dr. Glenn Weaver and to attend a second examination by Dr. G. James Sammarco. (Doc. 64). The Order further directed defendant to produce the reports of the examinations within thirty days of the examinations. (*Id.*) A subsequent motion by plaintiff to reconsider the Order was denied. (*See* doc. 72).

Plaintiff attended an independent medical examination by Dr. Weaver on April 30, 2003. She attended an independent examination by Dr. Sammarco on May 21, 2003. Plaintiff alleges that she did not receive a copy of Dr. Weaver's report until June 8, 2003. She alleges that, as of the date of the instant motion, July 24, 2003, she had not yet received a copy of Dr. Sammarco's report. Plaintiff contends that defendant has a pattern of non-compliance with orders of the Court and requests that the Court find defendant in contempt.

In a response filed on August 18, 2003, counsel for defendant states that he received a fax copy of Dr. Sammarco's report on August 15, 2003 and, following receipt, sent a copy of the report to plaintiff. (Doc. 79).

Plaintiff acknowledges that she received the report but reasserts that defendant did not comply with the order to produce the report within thirty days of the examination. (*See* doc. 80). Plaintiff further maintains that the response to the motion for contempt was untimely because it was not filed within 21days of service of the motion, as required by local rules. *See* S.D. Ohio Civ. R. 7.2(a)(2).

## ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> If a party ... fails to obey an order to provide discovery ..., the court in which the action is pending may make such orders in regard to the failure as are just, and among others ... an order treating as a contempt of court the failure to obey ... .

Fed. R. Civ. P. 37(b)(2)(D). The rule requires the Court to keep considerations of justice in mind when imposing sanctions for rule violations, but ultimately leaves it to the court's

discretion to "make such orders ... as are just." *Olcott v. Delaware Flood Co.,* 76 F.3d 1538, 1555 (10th Cir. 1996). *See also Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 707, 102 S. Ct. 2099, 2107 (1982) ("Rule 37(b)(2) contains two standards  --  one general and one specific  --  that limit a district court's discretion.  First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery.")

Plaintiff has not alleged any harm or otherwise shown that a finding of contempt would be "just."  Moreover, a contempt order pursuant to Rule 37(b)(2)(D) would have no rational relationship to the conduct in question at this point because, as admitted by plaintiff, she has received the reports which were the subject of the underlying order.

The Court does not, however, condone or excuse dilatory conduct by the parties.  The parties are reminded to work together, in good faith, as previously ordered by this Court. (*See* doc. 64).

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's motion to find defendant in contempt (doc. 76) be found unsupported by good cause, and **DENIED.**

s/Jack Sherman, Jr.
Jack Sherman, Jr.
United States Magistrate Judge

P:\JS\LAW CLERK filings\1-01cv313 rr.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRENDA HURSTON,

        Plaintiff,                        Civil Action No. C-1-01-313

vs.

BUTLER COUNTY DEPARTMENT           Weber, J.
OF JOB AND FAMILY SERVICES,         Sherman, M.J.

        Defendant.

## NOTICE REGARDING THE FILING OF OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Order/Report & Recommendation within **TEN (10) DAYS** of that party's receipt of this document.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Order/R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

-4-