IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRENDA K. HURSTON | : | **CASE NO. C-1-01 313** |
| Plaintiff | : | (Judge Weber) |
| -vs- | : | <u>MEMORANDUM OF DEFENDANT IN OPPOSITION TO PLAINTIFF'S</u> |
| BUTLER COUNTY DEPT. OF JOB AND FAMILY SERVICES, et al | : | <u>REQUEST FOR JURY TRIAL, AND IN THE ALTERNATIVE, MOTION OF DEFENDANT FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT,</u> |
| Defendants | : | <u>REVISED SCHEDULING ORDER, AND CONTINUANCE OF TRIAL</u> |

::: ::: ::: :::

Now comes defendant Butler County Department of Job and Family Services and opposes plaintiff's request for a jury trial. Should plaintiff's request be granted, in the alternative, defendant moves the Court for leave to file a motion for summary judgment, for new scheduling order, and for a continuance of trial for good cause shown. This motion is supported by the attached memorandum which also serves as the memorandum in opposition to plaintiff's request for a jury trial.

McGOWAN & JACOBS, LLC

s/Jack C. McGowan
Jack C. McGowan      (0005619)
Attorney for Defendants
 Butler County Department of Job
 and Family Services
246 High Street
Hamilton, Ohio 45011
(513) 844-2000/(513)868-1190 (FAX)
Email: jcm@jcmcgowan.com

**MEMORANDUM**

A chronology of this case is necessary to understand why plaintiff's request for a jury trial should be denied, but if it is to be granted why defendant is entitled to relief in the form of leave to file a motion for summary judgment, new scheduling order, and continuance of trial. This action was filed on May 21, 2001. (Doc. No. 2) On March 28, 2002, defendant Butler County Department of Job and Family Services served a Request for Production of Documents directed to plaintiff requesting audio recordings of conversations between plaintiff and employees of defendant. This request went unanswered and was subject of a motion to compel filed on November 22, 2002. (Doc. No. 44) Specifically, as part of the motion for an order compelling plaintiff to attend the depositions, defendant requested the Court to compel plaintiff to bring with her to her deposition audio cassettes of conversations which were the subject of defendant Butler County Department of Job and Family Services, Request for Production of Documents Directed to the Plaintiff. (Doc. No. 44, p. 2)

These motions were decided on February 27, 2003 by Magistrate Sherman. (Doc. No. 64) As part of his ruling, Magistrate Sherman granted defendant's motions to compel plaintiff to complete her deposition and bring with her to the deposition the audio tapes and other materials requested by

defendant. (Doc. No. 64) Plaintiff filed an objection to the Magistrate's Order. (Doc. No. 67) On May 22, 2003, Judge Weber declined to reconsider the Magistrate's Order. (Doc. No. 72) Thereafter, defendant noticed plaintiff's deposition for August 5, 2003. (Doc. No. 77) The deposition did not occur on August 5, 2003. Defendant again noticed the deposition of plaintiff, this time for September 4, 2003. (Doc. No. 81) Again, the deposition did not proceed. The deposition of plaintiff was again noticed, this time for September 9, 2003. (Doc. No. 82) The deposition did occur on that date; however Hurston did not turn over all the tapes in her possession. (Hurston depo., p. 191, l. 19-24 being filed separately and contemporaneously herewith.)

The Court had filed a Calendar Order on March 8, 2002 setting forth a discovery deadline of October 1, 2002 and a dispositive motion deadline of October 21, 2002. (Doc. No. 29) An Order filed on May 27, 2003 reset the trial to November, 2003. According to the docket, an Order entered on July 2, 2003 is said to have vacated the previous scheduling order. (Doc. No. 75) However, the Order itself does not reflect this. Plaintiff then filed her motion requesting a jury trial on September 30, 2003.

When a trial by jury is a right, a party may demand one not later than ten (10) days after the service of the last pleading

directed to such issue. Fed. R. Civ. P. 38(b). If said party fails to serve and file the appropriate demand in a timely fashion, the party waives their right to trial by jury. Fed. R. Civ. P. 38(d). However, a court may, in its discretion, order a trial by jury upon motion by a party. Fed. R. Civ. P. 39(b).

In <u>Kitchen v. Chippewa Valley Schools</u>, 825 F.2d, 1004, 1013 (6th Cir. 1987) (citing <u>Misco, Inc. v. United States Steel Corp.</u>, 784 F.2d 198, 205 (6th Cir. 1986)), the court held "a district court has broad discretion in ruling on a Rule 39(b) motion." In <u>Moody v. Pepsi Cola Metropolitan Bottling Company, Inc.</u>, 915 F.2d 201, 207 (6th Cir. 1990) (citing <u>Kitchen</u>, 825 F.2d at 1013), the court also noted "the court's discretion should be exercised in favor of granting a jury trial where there is no compelling reasons to the contrary." In <u>Moody</u>, the non-movant argued factors identified in <u>Parrott v. Wilson</u>, 707 F.2d 162, 1262, 1267 (11th Cir., denied, 464 U.S. 936, 104 S.Ct. 344, (1983)), were relevant to guide court in the exercise of its discretion, which the court in <u>Moody</u> did not disagree with. <u>Moody</u>, 915 F.2d at 207. The factors referenced in <u>Moody</u> enunciated in <u>Parrott v. Wilson</u> are as follows:

> "(1) Whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for

4

the movant's tardiness in requesting a jury trial." Parrott, 707 F.2d at 1267.

In <u>Misco, Inc. v. U.S. Steel Corp.</u>, 784 F.2d 198, 205 (6th Cir. 1986), the court noted the general rule that it is not an abuse of discretion in denying a Rule 39(b) motion if the only justification for failing to request a jury is mere inadvertence. E.g., <u>Parrott</u>, 707 F.2d at 1267. In <u>Misco</u>, Misco, Inc. had filed its action in April 1978. 784 F.2d at 201. An answer was filed on July 10, 1978; however, Misco, Inc. did not file its demand for jury trial until October. <u>Id.</u> at 205. The trial court denied Misco's motion for request for jury trial. <u>Id.</u> On appeal, the court held there was no abuse of discretion by the trial court in denying the request for jury trial. <u>Id.</u> In <u>Nissan Motor Corp. in USA v. Burciaga</u>, 982 F.2d 408, 409 (10th Cir. 1992), the court denied a request for a jury demand filed more than two (2) years after the action was filed due to mere *inadvertence and oversight of the requesting party.*

In <u>BCCI Holdings (Luxemburg), S.A. v. Khalil</u>, 214 F.3d 168, 171 (D.C. Cir. 2000), the district court had denied a jury demand which was over one year late. In discussing the trial court's decision, the appellate court noted that there were two (2) guiding principles, announced in <u>Pierce v. Underwood</u>, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490, which the trial court used in its evaluation. <u>BCCI Holdings (Luxemburg), S.A.</u>, 214

F.3rd at 173. Those guidelines are the justifiability of the tardy litigant's delay and the absence of prejudice to his adversary. Id. (citing Pierce, 486 U.S. at 562). The appellate court noted the district court found that the inadvertent omission was not excusable given the fact that discovery was complete, the deadline for motions had passed and opposing party had prepared for a bench trial. The court also found defendants would be prejudiced because they had premised many of their discovery decisions upon the understanding there would be a bench trial. Also mitigating against a jury trial, the court found that a bench trial would be more efficient, that a jury trial would cause delay to other litigants, and that due to the poor health of the movant, it would not be prudent to movant's case to wait pending resolution of other cases, among other factors. BCCI Holdings (Luxemburg), S.A., 214 F.3d at 171.

Pro se litigants are generally given more latitude. See Hanes v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed. 2nd 652 (1972) (per curiam) However, in Washington v. New York City Board of Estimate, 709 F.2d 792, 793-794 (2nd Cir. 1983), the court dealt with a pro se litigant who, immediately after being represented by counsel, moved for a jury trial. The motion was made eleven (11) months after the defendants had answered the complaint. The court denied the motion for a jury trial despite the litigant being pro se for most of the proceedings on the

basis that he had not been afraid of asking the court for whatever relief he desired. Id. at 798-799.

Under the facts of the instant case, plaintiff has requested relief from the Court on numerous occasions. (Doc. Nos. 16, 18, 19, 23, 36, 38, 47, 49, 50, 51, 65, 76 and 85) The deposition and audiotapes of its employees sought by defendant were not obtained until September 9, 2003. The discovery and dispositive motion deadlines had passed in 2002. Plaintiff's request for a jury trial was not made until September 30, 2003. Based upon these facts, there will be substantial prejudice to defendant in granting plaintiff's request for a jury in the case after defendant's time to move for summary judgment has passed and it can no longer narrow the issues to be presented to a jury. Also mitigating against allowing a jury is that plaintiff has no excuse why she did not request a jury trial earlier. Thus, in accordance with Pierce v. Underwood, the court would be within its discretion to deny the plaintiff's request for a jury trial.

Additionally, under the factors announced in Parrott v. Wilson by the Eleventh Circuit and tacitly approved in the Sixth Circuit in Moody v. Pepsi Cola Metropolitan Bottling Co., Inc., defendant has shown no reason for the movant's tardiness, why there was an excessive delay in the request, that there is a substantial degree of prejudice to the non-movant, and furthermore, that there is no disruption to the Court's schedule as no trial date has been set. Lastly, under the special

7

circumstances of this case, plaintiff has based her claims for discrimination upon her race, disability and retaliatory firing, (Doc. No. 2, p. 6), on incidents which as a mater of law are likely insufficient. For example, she applied for and was awarded disability retirement. (Hurston depo. p. 5, l. 1-11.) She was not fired. While she was working, her pay was never affected. (Hurston depo. p. 119, l. 12-18). Thus, it is doubtful that this case involves factual issues which are best tried to a jury. Therefore, defendant requests plaintiff's demand for jury be denied.

In the alternative, as defendant has prepared its case in anticipation of it being tried to the bench, should plaintiff's motion be granted, defendant requests leave to file a motion for summary judgment so that the issues may at least be narrowed for trial by jury. Defendant also requests a new scheduling order on the basis that it was deprived the opportunity to conduct discovery upon the completion of plaintiff's deposition, the tapes provided to it of conversations between plaintiff and employees of the defendant and the tapes which were not turned over by plaintiff. Lastly, defendant requests a continuance of trial as it is unlikely, given the number of delays the Court has faced in dealing with past motions, that a motion for summary judgment can be completely briefed and decided by the Court in the time remaining until trial.

McGOWAN & JACOBS, LLC

s/Jack C. McGowan
Jack C. McGowan        (0005619)
Attorney for Defendants
 Butler County Department of Job
 and Family Services
246 High Street
Hamilton, Ohio 45011
(513) 844-2000/(513)868-1190 (FAX)
Email: jcm@jcmcgowan.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jack C. McGowan, 246 High Street, Hamilton, OH 45011, and I hereby certify that I have mailed the docment by U.S. Postal Service via certified mail to the following non CM/ECF partipant: Brenda K. Hurston, 1812 Grand Avenue, Middletown, Ohio 45044.

s/Jack C. McGowan
Jack C. McGowan