IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRENDA K. HURSTON | : | CASE NO. C-1-01 313 |
| Plaintiff | : | (Judge Weber) |
| -vs- | : | **MOTION OF DEFENDANT FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT AND/OR FOR A REVISED SCHEDULING ORDER, AND CONTINUANCE OF TRIAL** |
| BUTLER COUNTY DEPT. OF JOB AND FAMILY SERVICES, et al | : | |
| | : | |
| Defendants | : | |

::: ::: ::: :::

Now comes defendant Butler County Department of Job and Family Services and moves the Court for leave to file a motion for summary judgment, and/or for a new scheduling order, and for a continuance of trial for good cause shown should it grant plaintiff's request for a trial by jury. This motion is supported by the attached memorandum and the deposition of plaintiff Brenda K. Hurston.

McGOWAN & JACOBS, LLC

s/Jack C. McGowan
Jack C. McGowan      (0005619)
Attorney for Defendants
 Butler County Department of Job
 and Family Services
246 High Street
Hamilton, Ohio 45011
(513) 844-2000/(513)868-1190 (FAX)
Email: jcm@jcmcgowan.com

**MEMORANDUM**

A brief chronology of this case reveals why defendant is entitled to relief in the form of leave to file a motion for

summary judgment, a new scheduling order, and a continuance of trial should the court grant plaintiff's request for a trial by jury. This action was filed on May 21, 2001. (Doc. No. 2) The Court filed a Calendar Order on March 8, 2002 setting forth a discovery deadline of October 1, 2002 and a dispositive motion deadline of October 21, 2002. (Doc. No. 29) On March 28, 2002, defendant Butler County Department of Job and Family Services served a Request for Production of Documents directed to plaintiff requesting audio recordings of conversations between plaintiff and employees of defendant. This request went unanswered and was subject of a motion to compel filed on November 22, 2002. (Doc. No. 44) Specifically, as part of the motion for an order compelling plaintiff to attend the depositions, defendant requested the Court to compel plaintiff to bring with her to her deposition audio cassettes of conversations which were the subject of defendant Butler County Department of Job and Family Services, Request for Production of Documents Directed to the Plaintiff. (Doc. No. 44, p. 2)

The motion was decided on February 27, 2003 by Magistrate Sherman. (Doc. No. 64) As part of his ruling, Magistrate Sherman granted defendant's motion to compel plaintiff to complete her deposition and bring with her to the deposition the audio tapes and other materials requested by defendant. (Doc. No. 64) Plaintiff filed an objection to the Magistrate's Order. (Doc. No. 67) On May

22, 2003, Judge Weber declined to reconsider the Magistrate's Order. (Doc. No. 72) An Order filed on May 27, 2003 reset the trial to November, 2003. (Doc. No. 73) According to the docket, an Order entered on July 2, 2003 is said to have vacated the previous scheduling order. (Doc. No. 75) However, the Order itself does not reflect this. Due to numerous delays, the completion of plaintiff's deposition did not occur until September 9, 2003; however, Hurston did not turn over all the tapes in her possession as required by the court's order. (Hurston depo., p. 191, l. 19-24) Then, plaintiff requested a jury trial on September 30, 2003. (Doc. No. 85)

Federal Rule of Civil Procedure 6(b) provides for the enlargement of time periods either prior to the expiration of the period in which an act is required or allowed to be done for cause shown, Fed.R.Civ.P. 6(b)(1), or after the expiration of the period in which an act is required or allowed to be done if the failure to act was the result of excusable neglect, Fed.R.Civ.P. 6(b)(2). As noted above, because the effect of the order of July 2, 2003 on the prior scheduling order of March 8, 2002 is unclear, this motion is grounded on both provisions of Rule 6(b). Under Rule 6(b)(1), an application will normally "be granted in the absence of bad faith or prejudice to the adverse party." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165, at 475 (2d ed. 1987).

In Kitchen v. Chippewa Valley Schools, 825 F.2d, 1004, 1013 (6th Cir. 1987) (citing Misco, Inc. v. United States Steel Corp., 784 F.2d 198, 205 (6th Cir. 1986)), the court held "a district court has broad discretion in ruling on a Rule 39(b) motion." In Moody v. Pepsi Cola Metropolitan Bottling Company, Inc., 915 F.2d 201, 207 (6th Cir. 1990) (citing Kitchen, 825 F.2d at 1013), the court also noted "the court's discretion should be exercised in favor of granting a jury trial where there is no compelling reasons to the contrary." In Moody, the non-movant argued factors identified in Parrott v. Wilson, 707 F.2d 162, 1262, 1267 (11th Cir., denied, 464 U.S. 936, 104 S.Ct. 344, (1983)), were relevant to guide court in the exercise of its discretion, which the court in Moody did not disagree with. Moody, 915 F.2d at 207. The factors referenced in Moody enunciated in Parrott v. Wilson are as follows:

> "(1) Whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial."

Parrott, 707 F.2d at 1267.

In BCCI Holdings (Luxemburg), S.A. v. Khalil, 214 F.3d 168, 171 (D.C. Cir. 2000), the district court had denied a jury demand which was over one year late. In discussing the trial court's decision, the appellate court noted that there were two (2) guiding principles, announced in Pierce v. Underwood, 487 U.S. 552, 108

4

S.Ct. 2541, 101 L.Ed.2d 490, which the trial court used in its evaluation. <u>BCCI Holdings (Luxemburg), S.A.</u>, 214 F.3rd at 173. Those guidelines are the justifiability of the tardy litigant's delay and the absence of prejudice to his adversary. <u>Id.</u> (citing <u>Pierce</u>, 486 U.S. at 562). The appellate court noted the district court found that the inadvertent omission was not excusable given the fact that discovery was complete, the deadline for motions had passed and opposing party had prepared for a bench trial. The court also found defendants would be prejudiced because they had premised many of their discovery decisions upon the understanding there would be a bench trial. <u>BCCI Holdings (Luxemburg), S.A.</u>, 214 F.3d at 171.

Only some of the audiotapes of conversations between plaintiff and its employees sought by defendant were obtained on September 9, 2003. (Hurston depo., p. 191, l. 19-24) The discovery and dispositive motion deadlines had passed in 2002. Plaintiff's request for a jury trial was not made until September 30, 2003. Based upon these facts, there will be substantial prejudice to defendant in granting plaintiff's request for a jury in the case after defendant's time to move for summary judgment has passed and it can no longer narrow the issues to be presented to a jury.

As a result of the discovery which was obtained, it has become apparent plaintiff based her claims for discrimination upon her race, disability and retaliatory firing, (Doc. No. 2, p. 6), on

incidents which as a mater of law are likely insufficient. For example, she applied for and was awarded disability retirement. (Hurston depo. p. 5, l. 1-11.) She was not fired. While she was working, her pay was never affected. (Hurston depo. p. 119, l. 12-18). Thus, if the court is to grant plaintiff's request for a jury trial, to attempt to reduce the certain prejudice to defendant, defendant should be granted leave to file a motion for summary judgment, a new scheduling order and a continuance of trial so it may properly prepare for a jury trial, not be ambushed by one. While this will not alleviate all prejudice, failure to grant the relief requested if there is a jury trial will create unfair prejudice to defendant. Additionally, there is no prejudice to plaintiff in having her claims determined as a matter of law.

Defendant has not proceeded earlier because Magistrate Hogan has been actively mediating the case. Motions and further discovery would only have increased the costs to the parties while deciding the terms for settlement. Should plaintiff's motion be granted, defendant requests a new scheduling order with additional time for discovery on the basis that it was deprived the opportunity to conduct discovery upon the completion of plaintiff's deposition, obtain the tapes of conversations between plaintiff and employees of the defendant not provided to it and conduct any follow-up discovery on the tapes which were turned over by plaintiff. A new scheduling order with additional time for

discovery would reduce the unfair prejudice to defendant of granting a jury trial.

Lastly, defendant requests a continuance of trial as it is unlikely, given the number of delays the Court has faced in dealing with past motions, that a motion for summary judgment can be completely briefed and decided by the Court in the time remaining until trial and to ensure completion of the above referenced discovery.

                    McGOWAN & JACOBS, LLC

                    s/Jack C. McGowan
                    Jack C. McGowan       (0005619)
                    Attorney for Defendants
                     Butler County Department of Job
                     and Family Services
                    246 High Street
                    Hamilton, Ohio 45011
                    (513) 844-2000/(513)868-1190 (FAX)
                    Email: jcm@jcmcgowan.com

## CERTIFICATE OF SERVICE

    I hereby certify that on May 6, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jack C. McGowan, 246 High Street, Hamilton, OH 45011, and I hereby certify that I have mailed the document by U.S. Postal Service via certified mail to the following non CM/ECF participant: Brenda K. Hurston, 1812 Grand Avenue, Middletown, Ohio 45044.

                    s/Jack C. McGowan
                    Jack C. McGowan