Brenda Hurston
1812 Grand Avenue
Middletown, OH 45044
(513) 420-9692

May 21, 2004

Perry & Perry
Attorneys At Law
Mr. Edward C. Perry
601 Main Street
Cincinnati, OH 45202-2508

RE: Clarification of letters & concerns of May 19, & May 21, 2004.

Dear Mr. Perry:

    After pondering over your letter, I decided to write you again today, since I could not get you over the telephone.

    On Thursday, May 13, 2004, 10:00 a.m., you met with my brother and me. During that meeting, you told my brother and me that you would no longer be my attorney after May 18, 2004. At the conclusion of our meeting I believe that I took all records, documents, filings, binders, and recordings, which were delivered to you in our first meeting last fall. You told me to file my response of the May 6, 2004 motion that was submitted by Jack McGowan, Pro Se. You also told me that there is a May 18, 2004 scheduled settlement conference meeting that I must attend. Also on May 13, 2004, you told me that you would not charge me for the time and effort that you put in my case. You stated, "If a settlement is reach, that you wasn't going to take any part of the settlement amount."

    On Monday, May 17, 2004, when I asked you, "Aren't you going to charge me anything? For the work you have done?" You again replied, "No, No! In fact I was going to tell you, if a settlement is reached tomorrow, I wasn't going to take any part of the settlement amount. I was going to let you take it free and clear. Let's talk about that tomorrow, because nothing is on the table."

    On May 18, 2004, when something was on the table, we did not talk about your expectations, regarding the settlement demand. Instead at the conclusion of that meeting, you gave me a rough draft copy of Jack McGowan's pretrial order and you told me that I have to meet with Jack McGowan on Friday, May 21, 2004, to complete a pretrial order. When I got home, I was so surprise, because you received the rough draft copy of Jack McGowan's pretrial order on May 6, 2004. I met with you in your office on Thursday, May 13, 2004, when you told me that you would no longer be my attorney after the May 18, 2004, settlement conference. You could have let me know then that a pretrial order must be completed by May 21, 2004. However, you tell me on May 18, 2004, that the

Mr. Edward C. Perry
Page Two
May 21, 2004

Pretrial order must be completed by May 21, 2004, giving me only two days to prepare. I was still working on Jack McGowan's May 6, 2004, motion. When I saw that I was not going to be able to complete the pretrial order by May 21, 2004, I called Darlene at Judge Weber's Chamber and requested an extension.

Before the May 18, 2004, settlement conference, I asked you, "Will you see how many days do I have to respond to the May 6 2004, motion?" You told me, "This is not the time to ask, how many days do you have to respond, we are here about the settlement conference."

Now I want to bring your attention back to the May 18, 2004, settlement conference. I gave you the authority to make a "settlement demand" on May 18, 2004, because you were still my attorney. That was the only way to have communications between Jack and me, because Jack McGowan was in a separate room, from my brother and I. You were doing the negotiations by walking back and forth between the two rooms. After Mr. Hogan told us to start the settlement procedure, my brother and I never saw Jack's face again, because we were in separate room. You were the one that was doing the talking for me, because again, my brother and I were in separate room, from Jack McGowan, when the settlement demands begin to take place. Jack McGowan started out with $1,000.00, I did not accept, then $5,000.00, I did not accept, then $20,000.00 I did not accept, then 50,000.00 I did not accept. Then you asked me, "What will you accept? Half of $280,000.00 that you should have received had you been a purchasing agent for ten years while employed at Butler County Dept. of Jobs and Family Services?" Then, I clearly said to you, "I would not accept no less than $150,000.00, equal half of $300,000.00" You left the room to tell Jack McGowan of my settlement demand. Moment later, you told me, "Mr. McGowan did not reject the demand. Rather he requested a couple days to investigate the claim and seek authority to make a counterclaim. Judge Hogan granted Mr. McGowan's request for additional time to investigate and seek approval to counter my settlement demand."

At the conclusion of the May 18, 2004 meeting, when you gave me Jack's final response, you should have told me of your expectation regarding my settlement demand. But you did not. I believe the reason why you did not discuss your expectation regarding my settlement demand, because you told me the day before, on May 17, 2004 that "I am not going to charge you anything for the work I have done. In fact, I was going to tell you, If a settlement is reached tomorrow, I wasn't going to take any part of the settlement amount. I am going to let you take it free and clear. Let's talk about that tomorrow, because nothing is on the table." Since something was on the table, and the settlement is still pending, you should have told me your expectation. You told me that Jack McGowan is going to call you, after he investigate the claim and seek authority to make a

Edward C. Perry
Page Three
May 21, 2004

counterclaim. However, you told my brother and me on May 13, 2004 that you would no longer be my attorney after the conclusion of the settlement conference on May 18, 2004. After the conclusion of the settlement conference, the settlement is still pending, and you have told Jack McGowan to contact you. You should have told me right away what your expectations is, after you told Jack to call you, because you already told me that you are no longer my attorney at the conclusion of the settlement conference on May 18, 2004, at your request. I thought you told Mr. McGowan to call you to make sure that Mr. McGowan carries through on his counterclaim, if he knew that you were still my attorney.

I was going to asked you what are your expectations regarding my settlement demand, but you distracted me by telling me about the pretrial order that was due on May 21, 2004. I felt that I was being rushed in all angle. If you was still going to be my attorney after May 18, 2004, you should have asked me right then, because the responsibility of responding to Jack's May 6, 2004, motion and the scheduled pretrial order of Friday, May 21, 2004 should have been yours. But you did not tell me you are still my attorney, instead, you told me about the pretrial order. Therefore, at the end of the May 18, 2004, settlement conference, **I believed** that you were no longer my attorney.

I was very surprised when I received your call on May 19, 2004, asking me where did I get the Civil Service Classification and Pay Rates of June 22, 2003, and that you have been looking on computer for 45 minutes trying to find it for Jack McGowan. You also, asked me to look for it to, and fax it or mail it to you. We did not have an agreement for you to continue on my settlement demand after May 18, 2004. Therefore, I am requesting you to stop, because we haven't talked about it.

I was surprised even more, when I received your May 19, 2004, letter on the evening of May 20, 2004. I was surprised, because as of May 18, 2004, you are no longer my attorney, **at your request**; but you are still volunteering your time and effort to my settlement demand. Therefore I feel the need to call you. When I did not get you by the telephone, I decided to write this letter.

My May, 21, 2004, letter to you was asking you to clarify the error that was made on May 18, 2004, when you were still my attorney and you stated, "I gave you the authority to make a settlement demand would equal half of the $280,000.00 that you would have been paid had you been paid as a "purchaser agent" for ten years while in the employ of Butler County Jobs and Family Services." I was very upset when I received your letter of May 19, 2004, on Thursday evening, on May 20, 2004, because I clearly told you that, I would not accept no less than $150,000.00. Therefore, I faxed you my May 21, 2004, letter that morning.

Mr. Edward C. Perry
Page Four
May 21, 2004

    Mr. Perry, we have not discuss nothing regarding your expectation about my settlement demands on May 18, 2004, because at the end of the meeting, you were no longer my attorney, **at your request**. I feel that anything you do after May 18, 2004, is strictly volunteering on your part, because we did not make an agreement for you to continue throughout the settlement demand. Since you knew that Jack needed time to make a counterclaim, you should have ask me then, at the conclusion of our conference, on May 18, 2004, if you could continue on. Also you should have told me, if you expected anything out of my settlement amount.

    I am handling the "settlement demand" myself. I have already asked Jack, "Have he come to any conclusion regarding the settlement demand?" He replied, "I have not been able to set up a meeting with the person in charge. It will be next Monday or Tuesday, before he can have a meeting" Therefore the situation regarding the "settlement demand" remains the same as it did at the conclusion of our meeting on May 18, 2004. On Friday, May 21, 2004, I also asked Jack McGowan to contact me regarding the settlement demands, since you are no longer my attorney. These issues are what I wanted to discuss with you by telephone on Friday, May 21, 2004, when I called.

    I thank you for the time and efforts that you put in my case, without charge. Again, if I should prevail in my case, I will not forget about you. I feel, if you was still going to be my attorney throughout the settlement demands, you should have ask me, if it was OK to continue. You should have also been the one responding to Jack's May 6, 2004, motion and you should have been the one to respond to the May 21, 2004 pretrial order. Then we could have sit down and mutually agreed on what your expectation is. Instead at your request, you told me that you are no longer my attorney at the conclusion of the May 18, 2004, settlement conference meeting.

    If you have any question regarding this matter, please do not hesitate to call me at (513)-420-9692.

                                                Sincerely yours,

                                                Brenda K. Hurston