UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRENDA K. HURSTON,

    Plaintiff

vs.

BUTLER COUNTY DEPARTMENT
OF JOB AND FAMILY SERVICES,

    Defendant

Case No. 1:01-cv-313

Black, M.J.

**ORDER**

On May 21, 2004, this matter was referred to the undersigned, the parties having consented to final disposition by a United States Magistrate Judge, and the scheduling order setting this matter for trial was vacated. (*See* doc. 97). This matter is now before the Court on plaintiff's motion for a trial by jury (doc. 85); a motion by defendant Butler County Department of Job and Family Services for leave to file a motion for summary judgment, motion for a revised scheduling order, and motion for a continuance of the trial term (doc. 95); plaintiff's motion for an extension of time in which to respond to defendants' motion for leave to file a motion for summary judgment (doc. 99); plaintiff's motion for leave to file an amended witness list (doc. 102); and responsive memoranda.

DISCUSSION

Rule 38 of the Federal Rules of Civil Procedure provides that a party waives a trial by jury in a civil case by failing to file timely and serve a jury demand. *See* Fed. R. Civ.

P. 38(d).  *See Moody v. Pepsi-Cola Metro. Bottling Co.,* 915 F.2d 201, 207 (6th Cir. 1990).  Rule 39(b) of the Federal Rules of Civil Procedure, however, provides that the court, in its discretion and upon a party's motion, may relieve a party of its failure to make a timely demand.  Fed. R. Civ. P. 39(b).

On review of a Rule 39(b) motion, the court may consider various factors, including: (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.  *See Moody,* 915 F.2d at 207 (citing *Parrot v. Wilson,* 707 F.2d 1262, 1267 (11th Cir.), *cert. denied,* 464 U.S. 936 1983)).

In support of her motion, plaintiff states that she did not learn until September 29, 2003 that this case was not set for a jury trial.  She promptly filed her demand on September 30, 2003.

Defendant opposes the motion on the ground, *inter alia*, that it will be unduly prejudiced if the motion is granted.  Defendant contends that it has prepared its case for presentation in a bench trial; and that, the dispositive motion deadline having expired, it will be unable to narrow the issues for presentation to a jury.  In the alternative, defendant seeks leave to file a motion for summary judgment, motion for a revised scheduling order, and motion for a continuance of the trial term.

Rule 59 of the Federal Rules of Civil Procedure provides in relevant part that "a

party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, *at any time*, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Fed. R. Civ. P. 56(b) (emphasis added).  A defending party's ability to file a motion summary judgment "at any time" is subject only to the court's authority to control the proceedings, for example, by disallowing a "disruptive" motion filed "on the eve of trial."  *See Kennedy v. City of Cleveland,* 797 F.2d 197, 301 n.6 (6th Cir. 1986), *cert. denied sub nom. Hanton v. Kennedy,* 479 U.S. 1103 (1987).

Plaintiff filed a motion for an extension of time in which to respond to defendant's request for leave to file a motion for summary judgment (doc. 99) and submitted separately her memoranda in opposition (docs. 104, 106).  She presented no grounds for denying the motion for leave but chose instead to address the merits of her underlying claim.  (*See* docs. 104, 106).

Plaintiff also filed a motion for leave to file an amended witness list (doc. 102), and submitted an amended list (doc. 103).  Defendant opposes the motion on the ground that discovery has long expired. (*See* doc. 108).

Upon consideration of the parties' submissions, and the Court being fully advised, **IT IS HEREIN ORDERED THAT**:

    1.    Plaintiff's motion for a trial by jury (doc. 85) is **GRANTED**;

    2.    Defendants' motion for leave to file a motion for summary judgment, motion for a revised scheduling order, and motion for a continuance of the

   trial term (doc. 95) is **GRANTED**;

3.  Plaintiff's motion for an extension of time in which to respond to defendants' motion for leave to file a motion for summary judgment (doc. 99) is **GRANTED** and her memoranda in opposition (docs. 104, 106) are **ACCEPTED AS FILED**;

4.  Plaintiff's motion for leave to file an amended witness list (doc. 102) is **GRANTED** and the amended witness list (doc. 103) is **ACCEPTED AS FILED**;

5.  All discovery must be completed by **September 15, 2004**;

6.  Dispositive motions must be filed on or before **October 15, 2004**;

7.  Final Pretrial Conference before Judge Black will be held on or after **December 17, 2004**; and

8.  The parties will be ready for a Jury Trial on or after **January 17, 2005.**

**IT IS SO ORDERED.**

Date: 7/12/04        s/Timothy S. Black
               Timothy S. Black
               United States Magistrate Judge