IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRENDA K. HURSTON | : | CASE NO. C-1-01 313 |
| Plaintiff | : | Magistrate Judge Black |
| -vs- | : | |
| BUTLER COUNTY DEPT. OF JOB AND FAMILY SERVICES, ET AL | : | **MEMORANDUM OF DEFENDANT BUTLER COUNTY DEPT. OF JOB AND FAMILY SERVICES IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND WITNESS LIST** |
| Defendants | : | |

Now comes the defendant Butler County Department of Job and Family Services, by and through its undersigned counsel, and hereby opposes plaintiff's motions (Doc. 111 and 112) for leave to file amended witness lists, and does hereby state as follows:

Plaintiff filed her action on May 21, 2001. (Doc. 2) The Court entered an initial scheduling order on March 8, 2002 setting a witness list deadline of May 15, 2002 and a discovery deadline of October 1, 2002. (Doc. 29) There were some issues in discovery which resulted in a trial date in November, 2003. (Doc. 44, 64, 67, 72, 73, and 75) Plaintiff then moved for a jury trial. (Doc. 85) The Court continued the trial until June, 2004 trial term without ruling on the Motion for a Jury Trial. (Doc. 88) Defendant then filed a Response in Opposition to the Motion for a Jury Trial, (Doc. 90), and a Motion for Leave to File Motion for Summary Judgment, and Motion for Revised Scheduling Order, in an attempt to narrow issues for trial. (Doc. 95).

On June 14, 2004, plaintiff Brenda Hurston filed a Motion to Amend Witness List to add eleven new witnesses. (Doc. 102) That motion was ultimately granted by this Court's Order of July 12, 2004. (Doc. 110, p. 4) This was plaintiff's fifth witness list. (Doc. 33, 37, 39 and 41) Subsequently, more than three years after suit was initially filed, Ms. Hurston filed yet another Motion for Leave to File an Amended Witness List, this time adding two additional persons to her proposed witness list, Geraldine Bryant, who is identified as having knowledge of a meeting which occurred in 1990 and Floyd Hurston, plaintiff's ex-husband, someone whom she should have been able to identify as a potential witness from the very day that she filed her Complaint. (Doc. 111, attachment 1 Proposed Amended Witness List, p. 1)

On September 10, 2004, just five days prior to the expiration of the extended discovery period, plaintiff filed yet another Motion for Leave to File Amended Witness List. (Doc. 112) This time, plaintiff proposed adding three more witnesses, Marilyn Lacey and Sue Strunk, both of whom plaintiff identifies as being able to testify regarding "plaintiff's contact during course of employment" and Sharon Stevens or some other representative of Ohio Department of Administrative Services, who will testify regarding "defendant's contact with the Ohio Department of Administrative Services during course of the plaintiff's employment." (Doc. 112, attachment 1, Proposed Amended Witness List, p. 3) Again, plaintiff has known

2

about the witnesses within the Department of Job and Family Services since the filing of her suit. With respect to the Department of Administrative Services, plaintiff has not identified any particular subject regarding that person's contact with defendant; and again this is something likely to have been able to have been added long before this point in the litigation.

The parties struggled but failed to complete the depositions of the persons named in plaintiff's witness list of June 14, 2004 by the September 15, 2004 discovery cutoff date set in the Court's July 12, 2004 Order. That discovery cutoff date has now come and gone. However, this has not dissuaded plaintiff from attempting to see that there is no end to this litigation or curtail the vexatious nature in which she is litigating it. (See Doc. 113 and Memorandum of Defendant in Opposition thereto being filed concurrently herewith)

In Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 944 (7th Cir. 1997), in a case including racial discrimination and retaliatory discharge claims, the Seventh Circuit upheld a trial court ruling cutting off discovery after three years quoting the trial court:

> "In our opinion, the District Court accurately addressed Weeks' requests for additional discovery:
>
>> 'It is clear that discovery in this case must end. This case is nearly three years old, and it appears that plaintiff will continue discovery indefinitely, on his own time table, if an end is not put to it. Plaintiff has had

> more than ample time to conduct discovery. Depositions very often lead to a desire to depose additional persons. This possibility should have been considered by [plaintiff] when he put off depositions until after the close of the original discovery period.'
>
> We agree."

Just as in <u>Weeks</u>, this Court should say enough is enough.

Plaintiff did not avail herself of any Federal or State administrative remedies with respect to any events which occurred in 1990, and the Complaint which she filed in January, 2001 was not timely regarding events which have occurred in 1990. Accordingly, it seems clear that even under the most liberal of standards, plaintiff should not be permitted to add Geraldine Bryant to her witness list.

With respect to the other four witnesses attempted to be added, their relevance according to plaintiff is they allegedly had some contact with the plaintiff while she was employed at the Department of Job and Family Services. How these witnesses would give testimony that is relevant to the case is not made apparent and for this reason alone, plaintiff should not be allowed to amend the witness list to include them. Moreover, defendant has not had the opportunity to discover what they will say. Counsel for defendant was not even aware of their relevance at the time he took the deposition of the plaintiff so that he could explore in more detail what these witnesses could contribute, if anything, to the plaintiff's case.

The disclosure of these individuals as actual trial witnesses comes well after the original disclosure deadline. The granting of plaintiff's motion would prejudice defendant who is seeking to narrow the issues prior to trial as plaintiff is trying to expand her claims with new witnesses. (Doc. 109, p. 2) Therefore, defendant Butler County Department of Job and Family Services hereby respectfully requests this Court deny the plaintiff's motions as being untimely and without sufficient justification for the omission of these witnesses from prior disclosure by the plaintiff.

Respectfully submitted,

McGOWAN & JACOBS, LLC

s/Jack C. McGowan
Jack C. McGowan      (0005619)
Attorney for Defendants
 Butler County Department of Job
 and Family Services
246 High Street
Hamilton, Ohio 45011
(513) 844-2000/(513)868-1190 (FAX)
Email: jcm@jcmcgowan.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the within Memorandum of Defendant Butler County Dept. of Job and Family Services in Opposition to Plaintiff's Motions for Leave to Amend Witness List was mailed by certified mail, return receipt requested this 29th day of September, 2004 to Brenda Hurston, pro se, 1812 Grand Avenue, Middletown, OH 45044.

s/Jack C. McGowan