IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRENDA K. HURSTON | : | CASE NO. C-1-01 313 |
| Plaintiff | : | Magistrate Judge Black |
| -vs- | : | **MEMORANDUM OF DEFENDANT BUTLER COUNTY DEPT. OF JOB AND FAMILY SERVICES IN OPPOSITION TO PLAINTIFF'S MOTION TO REQUEST THE COURT TO PROVIDE THE TRANSCRIPTS OF THE DEPOSITIONS TO BRENDA HURSTON AT NO COST** |
| BUTLER COUNTY DEPT. OF JOB AND FAMILY SERVICES, ET AL | : | |
| Defendants | : | |

Now comes the defendant Butler County Department of Job and Family Services, by and through its undersigned counsel, and for its opposition to plaintiff's Motion to Request the Court to Provide the Transcripts of Depositions to Brenda Hurston at No Cost does hereby state as follows:

Plaintiff cites no statutory or case law in support of her position that she should be entitled to an Order providing her copies of the deposition transcripts taken in this case at no cost. While 28 U.S.C. §1920(2) provides that the Court may tax as cost "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," such costs may only be included in the judgment or decree upon allowance. In other words, the prevailing party may, in the discretion of the Court, be awarded costs as part of their recovery.

Federal Courts have generally held depositions can be taxed as costs upon the discretion of the trial court. O'Rourke v. City of Providence, 235 F.3d 713, 737 (1st Cir. 2001); Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997) (citing SK Hand Tool Corp. v. Dresser Indus., Inc., 852 F.2d 936, 943-44 (7th Cir. 1988) cert. denied, 492 U.S. 918, 106, L.Ed. 2d 589, 109 S. Ct. 3241 (1989); Abrams v. Lightolier, Inc., 50 F.3d 1204, 1222-26 (3rd Cir. 1995) (the court generally reversed and remanded the trial court's denial of recovery of costs, including a denial of costs for discovery depositions); Tabron v. Grace, 6 F.3d 147, 159-160, Fn. 9 (3rd Cir. 1993); Doe v. United States, 112 F.R.D. 183, 184 (S.D.N.Y. 1986).

Possible statutes upon which plaintiff could be proceeding, 42 U.S.C. §2000e-5(k), 42 U.S.C. §1988, or 28 U.S.C. §§1915 and 1920, have been construed such that a court has no obligation to make prepayment of a party's litigation expenses for items which can be taxed as costs with very specific exceptions none of which are present as a result of plaintiff's motion to obtain the transcripts of depositions at no cost. Tabron, 6 F.3d at 158-159 (construing 28 U.S.C. §1915 and finding no federal statute in support of plaintiff's motion) (citations omitted); In re: Richard, 914 F.2d 1526, 1527 (6th Cir. 1990) (construing 28 U.S.C. §1915). Thus, 42 U.S.C. §§2000e-5(k) and 1988 only reference awarding attorneys fees to prevailing parties. Hence, the overwhelming authority is that

the plaintiff is not entitled to an Order in this case providing her deposition transcripts without cost. Furthermore, plaintiff is not indigent as she is drawing a disability retirement income. (Hurston Depo., p. 5 ll. 1-11)

Based upon the foregoing, defendant respectfully requests that Plaintiff's Motion to Request the Court Provide Transcripts of the Depositions to Brenda Hurston at No Cost be denied. Such a result would be consistent with the general American rule that absent a fee or cost shifting statute, each party is to bear their own costs and fees. Abrams, 50 F.3d at 1224 (citing Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 44 L. Ed. 2d 141, 95 S. Ct. 1612 (1975)). The Sixth Circuit has held that

> "[a]lthough the petitioner was granted leave to proceed in the district court as a pauper, that status waives only 'prepayment of fees and costs and security' 28 U.S.C. 1915(a). It does not give the litigant a right to have documents copied and returned to him at government expense."

In re: Richard, 914 F.2d at 1527.

Having utterly failed to cite any authority for her position and with all authority contrary to her position, plaintiff's frivolous motion attempting to subvert the long endorsed American rule and short change the hardworking court reporters should be denied.

Respectfully submitted,

McGOWAN & JACOBS, LLC


s/Jack C. McGowan
Jack C. McGowan     (0005619)
Attorney for Defendants
 Butler County Department of Job
 and Family Services
246 High Street
Hamilton, Ohio 45011
(513) 844-2000/(513)868-1190 (FAX)
Email: jcm@jcmcgowan.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within Memorandum of Defendant Butler County Dept. of Job and Family Services in Opposition to Plaintiff's Motion to Request the Court to Provide the Transcripts of the Depositions to Brenda Hurston at No Cost was mailed by certified mail, return receipt requested this 29th day of September, 2004 to Brenda Hurston, pro se, 1812 Grand Avenue, Middletown, OH 45044 and Pamela Jackson/Brenda Whitney, Jackson-Whitney Court Reporting LLC, via facsimile @ 513.892.4246.


s/Jack C. McGowan