UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRENDA K. HURSTON, | Case No. 1:01-cv-313 |
| Plaintiff, | Black, M.J. |
| vs. | |
| BUTLER COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES, | |
| Defendant | **ORDER** |

This matter is before the Court on the parties' motions for miscellaneous relief, including: two motions by plaintiff for leave to file an amended witness list (docs. 111, 112); plaintiff's motion for an order directing defendant to provide deposition transcripts at no cost (doc. 113); and defendant's motion for a revised scheduling order permitting continued discovery (doc. 115).

1. **Plaintiff's Motions for Leave to File an Amended Witness List and Defendant's Motion for a Revised Scheduling Order.**

Plaintiff filed her first witness list on September 12, 2002, and filed amendments to the list on September 19, 2002 and November 1, 2002. (Docs. 37, 39, 41). After this case was assigned to the undersigned in May 2004, plaintiff filed a motion for leave to amend her witness list once again. (*See* docs. 97, 102). In an Order issued on July 13, 2004, the motion for leave was granted and the amended list, separately docketed on June 14, 2004, was accepted as filed. (*See* docs. 103, 110). Now, plaintiff has filed two more

motions seeking leave to amend her witness list yet again.

The Court has examined the latest proposed amended witness list (*see* doc. 112) and notes that the list includes five names that did not appear on the June 14, 2004 list. Two of the proposed witnesses (Geraldine Bryant and Floyd Hurston) had been named in three prior witness lists. (*See* docs. 37, 39, 41). Three of the proposed witnesses (Marilyn Lacey, Sue Strunk, and Sharon Stevens) were not previously identified by plaintiff. The latest motion for leave to file an amended list was filed five days before the discovery deadline of September 15, 2004, which is now past.

Defendant opposes the proposed amendments on the grounds that plaintiff has had ample opportunity during the three years this case has been pending to identify her proposed witnesses in a timely matter, and that it will be prejudiced if not allowed to depose the persons newly identified by plaintiff. Defendant requests that, if the motions for leave to amend are granted, the scheduling be revised and the discovery cut-off date be extended.

On consideration of the parties' submissions, the Court finds that the motions for leave to file an amended witness list are not compelling. Plaintiff has not offered any explanation for her failure to include the newly proposed witnesses on prior lists, and there has been no showing that she has only recently discovered that they would have relevant testimony to present at trial. Nonetheless, in an abundance of caution, and to the extent that prejudice to defendant can be cured by allowing defendant an opportunity to depose the additional witnesses, the plaintiff's motions for leave to file an amended

witness list and the defendant's motion for a revised schedule will be granted.

Plaintiff is cautioned, however, that further amendments will not be permitted except upon good and compelling cause shown. Moreover, the Court has the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962). Invocation of the Court's inherent power may be warranted where there is a showing of clear delay or contumacious conduct. *See Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980).

**2.    Plaintiff's Motion for an Order Directing Defendant to Provide Deposition Transcripts at No Cost**

Next, plaintiff seeks an order directing defendant to provide her, at no cost, with copies of the transcripts of depositions taken by Jack C. McGowan, Esq. on August 26, 2004, and September 10, 2004. As grounds for the relief sought, plaintiff alleges that she lacks the funds to pay for costs of the transcripts. Plaintiff's motion is not well-taken.

Although plaintiff was granted leave to proceed *in forma pauperis* in this action, (*see* doc. 5), "that status waives only 'prepayment of fees and costs of security.'" *In re Richard,* 914 F.2d 1526, 1527 (6th Cir. 1990) (*citing* 28 U.S.C. § 1915(a)). "It does not give the litigant a right to have documents copied and returned to him at government expense." *Id.*

A district court may, under some circumstances and pursuant to inherent equitable powers in supervising discovery, exercise its discretion to order an opposing party to pay

for or provide copies of deposition transcripts for an indigent litigant. *Tabron v. Grace,* 6 F.3d 147, 159 (3d Cir. 1993), *cert. denied,* 510 U.S. 1196 (1994). However, the Court does not abuse its discretion in declining to do so where the indigent party attended and participated in the depositions, and, therefore, was able to take notes and compile information from the live testimony. *Id.*

The Court finds that plaintiff has failed to present circumstances to warrant an order directing defendant to provide transcript copies to her without cost.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motions for leave to file an amended witness list (docs. 111, 112) are **GRANTED**;

2. Defendant's motion for a revised scheduling order permitting continued discovery (doc. 115) is **GRANTED** as follows:

   (a) The discovery deadline is extended to **December 6, 2004**;

   (b) The dispositive motions deadline is extended to **December 21, 2004**; and

   (c) The Final Pretrial Conference set for December 1, 2004 and the Jury Trial set for January 17, 2005 are **VACATED** and will be rescheduled, if necessary, following the Court's ruling(s) on dispositive motions;

3. Plaintiff's motion for an order directing defendant to provide deposition transcripts at no cost (doc. 113) is **DENIED**.

**IT IS SO ORDERED.**

Date:   10/6/04                             s/Timothy S. Black                        
                                                                   Timothy S. Black
                                                                   United States Magistrate Judge