UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRENDA K. HURSTON,                                            Case No. 1:01-cv-313

    Plaintiff,                                                         Black, M.J.

vs.

BUTLER COUNTY DEPARTMENT
OF JOB AND FAMILY SERVICES,

    Defendant.

**ORDER: (1) DENYING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO HER DISCOVERY REQUESTS (Doc. 119); (2) GRANTING, AS MODIFIED, PLAINTIFF'S MOTION FOR AN EXTENSION OF THE DISCOVERY DEADLINE (Doc. 134); (3) EXTENDING THE DISCOVERY DEADLINE TO JANUARY 15, 2005; AND (4) EXTENDING THE DISPOSITIVE MOTIONS DEADLINE TO FEBRUARY 1, 2005.**

This matter is before the Court on a motion by plaintiff to compel responses to her discovery requests, defendant's responses, and plaintiff's reply (docs. 119, 121-23, 128), and plaintiff's motion for an extension of the discovery deadline (doc. 134).

**I.**

In her requests for discovery, plaintiff sought, *inter alia,* the following documents:

(1)    Dr. Randolph's May 5, 1998 report.

(2)    Personnel Action Forms form 6-6-88 to 12-30-01.

(3)    Personnel File Checklist from 6-6-88 to 12-30-01.

(4)    Personnel Documents that reflects the plaintiff's paycheck from 2-88 to 12-88.

(5)    Personnel Interview Checklist from 2-88 to 12-88.

(6)  Plaintiff's request to personnel for an interview for the Machine Operator 2 job position.

(7)  Personnel/Betty Proctor's notification to plaintiff indicating that she received the Machine Operator 2 job position.

(8)  Copy of the Union's Contract Agreements between Butler County Department of Human Services and American Federation of State, County, and Municipal Employees, Ohio Council 8, Local 3062, AFL-CIO, from November 30, 1987 through 2001.

(9)  Copy of Diane Logsdon's Guest Ledger/Visitor's Registration Log from 6-19-90 to 7-19-90.

(*See* doc. 119).

In response to the motion to compel, defendant states that it provided plaintiff with Dr. Randolph's May 5, 1998 report, and that it complied with plaintiff's request for personnel records to the extent that it can (stating that certain items could not be found or did not exist). (*See* doc. 121; *see also* docs. 122-23). Defendant indicates that it had provided plaintiff with "a copy of her entire personnel file," a copy of the Agreement between Butler County Department of Job and Family Services and the AFL-CIO Local from December 3, 1987 through October 31, 1989, information regarding her pay and leave history, Auditor's records from 1993 to 2001, a memorandum, indicating that requests to personnel for interviews for job positions were kept only as far back as 2001, and an Assent to lateral Class Change from October 1988. (*See* doc. 123). Defendant further states that plaintiff's requests for checklists and other documents were denied because they do not contain information about plaintiff's performance or subjective comment by her supervisors

that would be probative of her claims, and, therefore, are not likely to lead to the discovery of admissible evidence.

In reply, plaintiff contends simply that the information provided by defendant is materially incomplete. (Doc. 128). She states, for example, that she received only "bits and pieces" of her personnel file, representing only 98 out of 753 pages which were sent by defendant to the EEOC. (*See id.,* ex. 4-D).

The Federal Rules of Civil Procedure permit parties to request the production of documents and tangible things that are reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1), 34(a). A court may limit the scope of a party's request if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002) (citing Fed. R. Civ. P. 26(b)(2)).

The party resisting discovery bears the burden of demonstrating that its objections should be sustained; an objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded. *See Saye v. Old Hill Partners, Inc.,* No. 3:03CV1071(DJS), 2004 WL 1944024, *3 (D. Conn. Aug. 31, 2004) (citing *Obiajulu v. City of Rochester,* 166 F.R.D. 293, 295 (W.D.N.Y. 1996)).

In light of defendant's assertions, supported by sworn affidavits, and its showing that remaining documents are not reasonably calculated to lead to the discovery of

admissible evidence, *see* Fed. R. Civ. P. 26(b)(1), the Court finds that defendant has produced all documents responsive to plaintiff's request.

Accordingly, plaintiff's motion to compel responses (doc. 119) is **DENIED.**

**II.**

Plaintiff also requests that the discovery deadline of December 6, 2004 be extended by sixty (60) days. (Doc. 134). In support of her motion she states that scheduling conflicts and intervening holidays prevented the parties from taking depositions of three witnesses (Geraldine Bryant, Floyd Hurston, and Marilyn Lacey) by the discovery deadline.

Accordingly, and for good cause shown, plaintiff's motion for an extension of the discovery deadline (doc. 134) is **GRANTED, as modified.**

The Court is not persuaded that the parties require an additional sixty days to complete three depositions. Therefore, the **cut-off date for completion of all discovery** is extended to **January 15, 2005**, and the **deadline for filing dispositive motions** is extended to **February 1, 2005.**

**IT IS SO ORDERED.**

Date:   12/13/04                                s/Timothy S. Black
                                                Timothy S. Black
                                                United States Magistrate Judge