## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| BRENDA K. HURSTON | : | CASE NO. C-1-01 313 |
| Plaintiff | : | Magistrate Judge Black |
| -vs- | : | |
| BUTLER COUNTY DEPT. OF JOB AND FAMILY SERVICES, ET AL | : | **MOTION OF DEFENDANT BUTLER COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES TO STRIKE** |
| | : | **PLAINTIFF'S EXHIBITS IN** |
| Defendants | | **SUPPORT OF PLAINTIFF'S BRENDA** |
| | : | **HURSTON MOTION IN OPPOSITION OF THE DEFENDANT'S MOTION FOR** |
| | : | **SUMMARY JUDGMENT** |

:::::::::::

Now comes the defendant Butler County Department of Job and Family Services, by and through its undersigned counsel, and hereby moves this Honorable Court to strike plaintiff's exhibits in support of Plaintiff's Brenda Hurston Motion in Opposition of the Defendant's Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(f) and 56(c) and (e) on the grounds that the materials are insufficient, immaterial and do not constitute competent and admissible evidence in opposition to a motion for summary judgment. This motion is supported by the attached Memorandum.

Respectfully submitted,

McGOWAN & JACOBS, LLC

s/Jack C. McGowan
Jack C. McGowan     (0005619)
Attorney for Defendant
Butler County Dept. of Job & Family Services
246 High Street
Hamilton, Ohio 45011
(513) 844-2000/(513)868-1190 (FAX)
Email: jcm@jcmcgowan.com

## MEMORANDUM

Defendant Butler County Department of Job and Family Services, formerly known as the Butler County Department of Human Services (hereinafter "BCDJFS") filed its Motion for Summary Judgment on February 1, 2005. (Doc. 138)  Plaintiff filed her Memorandum in Opposition on or about March 15, 2005. (Doc. 143)  As part of plaintiff's opposition, plaintiff filed or relied on numerous previously filed exhibits, specifically Exs. Nos. 3-(11-15), 3-(25-34), 3-(37-41), 3-(43-52), 3-(63-66), 17-(10-13), 100-(1-7), 703-(1-2), 704-(1-2) and 732-(1-8).   As is obvious from an inspection of these exhibits, none of them comply with the requirements of Rule 56(c) and/or (e), and they also run afoul of a provision of Rule 12(f) prohibiting insufficient, redundant, immaterial, or impertinent matter.

A summary of these materials will be helpful for the Court's review.  The first set are comprised of Position Descriptions and Assessments dated approximately January 19, 1989 through July 6, 1990. (Ex. 3-(11-15))  One is an Annual Evaluation dated June 11, 1990. (Ex. 3-25) Another is a letter to Diana Logsdon from plaintiff dated June 5, 1990. (Ex. 3-(26-34))  Three pages consist of handwritten notes dated May 7, 1990 with the initials "B.K." (assumed to be plaintiff Brenda Hurston) and "D.L." (assumed to be Diana Logsdon) in the lefthand margin.  (Ex. 3-(37-39))  One concerns a Request for Leave dated March 23, 1990.  (Ex. 3-40)  Another is a letter from Dr. Kenneth Walker, uncertified and not in the form of an affidavit, dated April 23, 1990.  (Ex. 3-41) A copy of the Request for Leave dated April 23, 1990 with obliterations is also cited by plaintiff. (Ex. 3-42) Another letter from Dr. Kenneth Walker, uncertified and not in the form of an affidavit, appears undated but is shown as received approximately May of 1990.  (Ex. 3-43) Plaintiff also cites to a Position Description dated December 16, 1987. (Ex. 3-(63-64))  Plaintiff's penchant for citing

old documents continues with a citation to an Internal Memo dated July 9, 1990. (Ex. 3-65) She has

even used undated blank forms. (Ex. 3-66)

More recent documentation which plaintiff cites to is a letter and fax cover sheet with

confirmation page dated March 28, 2000 and March 30, 2000, respectively, from plaintiff to Mr.

McAlpine. (Ex. 17-(10-13)) Plaintiff also attached a form from the EEOC. (Ex. 100-1) Another

of plaintiff's exhibits is what appears to be an uncertified copy of what may be an affidavit. (Ex.

100-(2-5)) Plaintiff has filed an Affidavit of Sadie A. Williams to attest about something Ms.

Hurston said to an EEOC Officer. (Ex. 100-(6-7)) Plaintiff has also filed an uncertified copy of

another affidavit, this one allegedly filed before the Public Employees Retirement System of Ohio,

as an application for disability benefits. (Ex. 703-(1-2)) Ms. Hurston also filed another report of a

physician, Leonard R. Janis, M.D., uncertified and not in the form of an affidavit. (Ex. 704-(1-2))

A final Position Description dated February 22, 2001 was filed as an Exhibit. (Ex. 732-8) Likewise,

Ms. Hurston has also filed a certification of pay periods, (Ex. 732-7) and an Application for

Disability Benefit Report by Employer dated June 25, 2001. (Ex. 732-6) Finally, Ms. Hurston filed

a report from Richard T. Beers, M.D., uncertified and not in the form of an affidavit, dated August

23, 2001. (Ex. 732-(1-5))

Federal Rule of Civil Procedure 12(f) states as follows:

(f) Motion to Strike. Upon motion made by a party before responding to a pleading
or, if no responsive pleading is permitted by these rules, upon motion made by a party
within twenty days after service of the pleading upon the party or upon the court's
own initiative at any time, the court may order stricken from any pleading any
insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Civil Rule 56 governs motions for summary judgment. Civ. R. 56(c) provides that a party adverse

to a motion may serve affidavits. It also indicates that the type of evidence which may be considered

are "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits." With respect to responses to a motion, Civ. R. 56(e) provides as follows (emphasis added):

> Supporting and opposing **affidavits shall** be made on personal knowledge, shall **set forth** such **facts as would be admissible in evidence**, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. **Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith**. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

Copies of affidavits are not permitted. Furthermore, in practice, the phrase "sworn or certified copies of all papers" has been treated as meaning whether attached to an affidavit or not.

The requirement of Rule 56(e) is that such facts be admissible in evidence at trial. *Crumley v. Memorial Hosp., Inc.*, 509 F.Supp. 531, 532, fn. 2 (E.D. Tenn. 1978) In *Rohrbough v. Wyeth Laboratories, Inc.*, 916 F.Supp. 970, 972-973 (4th Cir. 1990), the court disregarded an affidavit of a treating physician which merely indicated the alleged cause of an injury was a possible cause as opposed to the possible cause. In rationalizing its decision, the court noted that this testimony would be insufficient for the jury to render a verdict in favor of plaintiff. Id. at 973.

The courts have been rather strict in following the requirements of Rule 56(e), holding that unauthenticated documents cannot be considered on a motion for summary judgment. In *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990), (citation omitted), the court held:

> "[t]o be considered by the court, 'documents must be authenticated by and attached to an affidavit that meets the requirements of [Rule] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.'"

Id. at 1550-1551 (citing *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987)). The

-3-

federal courts have further held that while an affidavit may contain assertions which are opinion, these are insufficient to establish genuine issues of material fact without articulating the factual bases for the opinion. *Neff v. World Publishing Co.*, 349 F.2d 235, 254 (8th Cir. 1965). In particular with respect to civil rights cases, the court in *Theobald v. Botein, Hays, Sklar & Herzberg*, 493 F.Supp. 1, 5 (S.D.N.Y. 1979) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2nd Cir. 1978) (interior quotations omitted)) held:

> "[t]he party opposing the motion must set forth concrete particulars. *Dressler v. The MV Sandpiper*, 331 F.2d 130, 133 (2nd Cir. 1964), and cannot make a secret of his evidence, holding it close to his chest until the trial. *See Donnelly v. Guion*, 467 F.2d 290, 291 (2nd Cir. 1972). It is not sufficient merely to assert a conclusion without supplying supporting arguments or facts in opposition to the motion. Id. at 293. *See Applegate v. Top Assoc., Inc.*, 425 F.2nd 92, 96 (2nd Cir. 1970)."

In the Sixth Circuit, the court held in *Wimberley v. Clark Controller Co.*, 364 F.2d 225, 227 (6th Cir. 1966), that while Rule 12(f) does not specifically relate to non-pleadings, a motion to strike can raise the issue of admissibility of evidence in an affidavit and competency of the affiant to testify. The court further stated that issues of admissibility and competency "are present in every instance where affidavits are filed pursuant to Rule 56." Id. The court held it "has discretion to disregard those facts which would not be admissible into evidence and to rely on those facts which are competent evidence." Id.

In *Daily Press, Inc. v. United Press International*, 412 F.2d 126, 133 (6th Cir. 1969), the court held that heresay evidence cannot be considered on a motion for summary judgment. Additionally, the court noted that once a properly supported motion was filed, the non-movant must "produce by affidavit or otherwise 'specific facts showing that there is a genuine issue for trial.'" Id. at 134 (citing *First Nat'l Bank of Arizona v. City Serv. Co.*, 391 U.S. 253 , 270, 88 S. Ct. 1575. In *Goins v. Clorox*

-4-

*Co.*, 926 F.2d 559, 561 (6th Cir. 1991) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir.

1986)), the court held "the non-moving party is not entitled to trial merely on the basis of allegations;

significant probative evidence must be presented to support the complaint." This requirement is

significant with respect to a motion to strike as the court in *Washington v. Armstrong World

Industries, Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317,

106 S. Ct. 2548 (1986)), noted "a complete failure of proof on an essential element renders all other

facts immaterial because there is no longer a genuine issue of material fact."

Thus, if a plaintiff claiming employment discrimination makes accusations which are outside

of the statute of limitations, prohibited by plaintiff's failure to exhaust administrative remedies as

to those acts, or failure to meet some other procedural requirement such as to sufficiently allege the

bases of her charge of discrimination in her EEOC complaint, matters though seemingly relevant,

become immaterial. As is made clear in defendant's Motion for Summary Judgment and Reply in

support thereof, which are hereby incorporated by reference as if fully rewritten herein, plaintiff

made only specific allegations of wrongdoing with respect to specific instances of conduct occurring

at specific times. (Doc. 2, p. 2, ¶8) Nowhere in plaintiff's complaint, EEOC charge or the four page

uncertified copy of an affidavit attached to her Memorandum does she allege instances occurring

prior to 1999. (Ex. 100-(2-5) Thus, Exhibit Numbers 3-(11-15), 3-(25-34), 3-(37-41), 3-(43-52) and

3-(63-66) are all immaterial and impertinent as they are several years outside of the relevant period

of the statute of limitations. Additionally, none of these plaintiff's exhibits or affidavits are certified

documents. Lastly, none of these documents were attached to affidavits which certified them or

provided proper authentication of the documents to make them admissible evidence.

With regard to Exhibit 17-(10-13), a purported letter from plaintiff without other foundation

is hearsay and not within any exception to the hearsay rule at least as to anything imputable to defendant. Furthermore, this letter is not attached to an affidavit attesting to its authenticity. With respect to Exhibit 100-1, this Precharge Instruction and Checklist from the EEOC contains no information other than the plaintiff's signature and a date. It has no factual value and furthermore was not certified or attached to an affidavit regarding its authenticity. With respect to Exhibit 100-(2-5), a copy of an affidavit is not something allowed to be filed under Rule 56(e). Only original affidavits are allowed to be filed in court. If a copy of an affidavit were to be filed, it would have to be attached to an affidavit to authenticate it or it could be filed with a certification from the governmental agency from which it was procured to attest to its authenticity. This was not done in this case. Exhibit 100-(6-7) makes the statement in paragraph 7 that the affiant heard plaintiff say something to the EEOC investigator about including retaliation as part of her EEOC charge. However, such an out-of-court statement of plaintiff is hearsay and not within any exception and is therefore, not admissible. The remainder of the affidavit provides no facts which have any basis as to the plaintiff's complaint with regard to proving a necessary element of the plaintiff's claim. Therefore, the entire affidavit should be stricken.

With regard to Exhibit 703-(1-2), this is an Application for a Disability Benefit. This document was filed without a certification from the appropriate governmental agency indicating its authenticity. Although it is in the form of an affidavit itself, it is merely a copy and is not attached to another affidavit attesting to the statements therein. Additionally, none of the statements therein provide any material facts which pertain to any elements of claims against defendant raised in plaintiff's complaint. While it does appear to be an admission by plaintiff that she has degenerative joint disease ("DJD"), this document does not establish defendant's knowledge of the alleged

condition prior to that date. Therefore, the Exhibit should be stricken. With respect to Exhibit 704-(1-2), this is a report of an attending physician that does not provide any statement as to the causation of the plaintiff's condition other than to state that it is a degenerative condition. It does not state, for example, that the condition is as a result of her employment. Furthermore, the report is not in the form of an original affidavit nor is it certified as to its authenticity. Thus, it should be stricken. With respect to Exhibit 732-(1-5), the same criticisms regarding authenticity apply to this Exhibit as do apply to the previous Exhibit. Interestingly, the report indicates Ms. Hurston's problems first arose while she was attempting to bowl. While the report does indicate that she has had some difficulty in ambulation and standing, regardless of whether those activities occurred at work or not, the report never indicates that her condition is a result of her employment. The report states that she has degenerative joint disease of the foot. (See also plaintiff's Ex. 704-(1-2)). Even if it were authenticated or certified, the report provides no information that Ms. Hurston suffered any job discrimination as a result of her foot, that her foot caused her to be discriminated against in her job or that her foot condition was as a result of her job. Therefore, the Exhibit is immaterial and impertinent and not probative evidence. Exhibit 732-6 is an Application for Disability Benefit which is neither certified nor attached to an affidavit regarding its authenticity. Additionally, it provides no operative facts with which plaintiff can establish any element of her claim. The same criticisms are true of Exhibits 732-7, a certification by a fiscal officer and a Position Description dated February 22, 2001.

Based upon the controlling law, none of the exhibits cited by plaintiff can be used to properly support her opposition to the defendant's Motion for Summary Judgment. To the extent that the Court can strike them or disregard them, these exhibits should be stricken or disregarded in that they

are not relevant, properly authenticated, certified or within a hearsay exception to be considered as admissible evidence as required by Rule 56(e). Therefore, defendant respectfully requests the Court disregard these filings and/or enter an order striking them from the record for purposes of consideration with respect to plaintiff's opposition to defendant's Motion for Summary Judgment.

Respectfully submitted,

McGOWAN & JACOBS, LLC

s/Jack C. McGowan
Jack C. McGowan    (0005619)
Attorney for Defendant
Butler County Dept. of Job &Family Services
246 High Street
Hamilton, Ohio 45011
(513) 844-2000/(513)868-1190 (FAX)
Email: jcm@jcmcgowan.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within Motion of Defendant Butler County Dept. of Job and Family Services to Strike Plaintiff's Exhibits in Support of Plaintiff's Brenda Hurston Motion in Opposition of the Defendant's Motion for Summary Judgment was mailed by certified mail, return receipt requested, this 8th day of April, 2005 to Brenda Hurston, pro se, 1812 Grand Avenue, Middletown, OH 45044.

s/Jack C. McGowan