IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRENDA K. HURSTON | : | CASE NO. C-1-01 313 |
| Plaintiff | : | Magistrate Judge Black |
| -vs- | : | |
| | | **REPLY MEMORANDUM OF** |
| BUTLER COUNTY DEPT. OF JOB | : | **DEFENDANT BUTLER COUNTY** |
| AND FAMILY SERVICES, ET AL | | **DEPARTMENT OF JOB AND FAMILY** |
| | : | **SERVICES IN SUPPORT OF ITS** |
| Defendants | | **MOTION FOR SUMMARY** |
| | : | **JUDGMENT** |

Now comes the defendant Butler County Department of Job and Family Services, formerly known as the Butler County Department of Human Services (hereinafter "BCDJFS"), by and through its undersigned counsel, and for its Reply Memorandum in support of its Motion for Summary Judgment does hereby state as follows:

Defendant hereby incorporates as if fully rewritten herein, its Motion to Strike Plaintiff's Exhibits. (Doc. 146) In addition to the arguments contained therein, defendant notes that plaintiff, in her Memorandum in Opposition, raises issues which were not within her complaint; in some instances she tries to go back as far as 1987. (Ex. 3-(63-64)) While places great reliance on some of these older documents to support her contention that her heavy work had increased (Pl's Mem. In Opp'n, p. 5), the reality is that changes in her job classification resulted from applications she filed and job positions which she accepted. (Hurston Depo., April 5, 2002, pp. 61-63) Perhaps it has been so long that Ms. Hurston has forgotten there were different classifications of Machine Operators. (Hurston Depo, April 5, 2002, p. 62; Compare Pl's Exs. 3-10, 11 and 12 to 3-13, 14 and 15; Hurston

Depo., Sept. 9, 2003, pp. 229-230) A review over time of Ms. Hurston's final job position, Machine Operator II, reveals very little change. (Pl's Exs. 3-(10-12) vs. 3-16; Hurston Depo., Sept. 9, 2003, pp. 229-230, 236-237, Ex. Q (showing plaintiff's position as Office Machine Operator II))

With respect to the prerequisites to file suit, plaintiff has tried to argue that she did file sufficient facts regarding retaliation to establish that the charge was included within her EEOC filing; however, plaintiff's own admissions negate that she can establish retaliation for any negative job action or discrimination: "Ms. Day also gave me an unfair evaluation in June, 2000. <u>I do not know if this is because of my race, disabilities, or retaliation for my reporting her.</u>" (Pl's Mem. In Opp'n, p. 6, emphasis added) Additionally, with respect to plaintiff's new arguments and attempted support of her allegation that discrimination started back in the late 1980's or in 1990, 42 U.S.C. §2000 e-5 (e)(1) requires a charge under this section must be filed within 180 days after the alleged unlawful employment practice. All of the instances of alleged conduct are noted to have taken place between July 13, 2000 and October 17, 2000. (Attached hereto as Exhibit "A"; Doc. 2, p. 2, ¶8) As indicated in the Motion for Summary Judgment, plaintiff's complaint is limited to what could have reasonably been anticipated to have grown out of the administrative charge, both in terms of time and subject matter. *EEOC v. General Electric Co.*, 532 F.2d 359, 368-369 (4th Cir. 1976); *Alungbe v. Board of Trustees of Conn. State Univ.*, 283 F. Supp.2d 674, 682 (D. Conn. 2003)(Each denial of promotion in successive years would be considered a discrete act that would have to be reputed separately to the EEOC and plaintiff's failure to amend his EEOC charge can be considered as a failure to exhaust administrative remedies). Additionally, with regard to prerequisites, plaintiff Hurston failed to provide in her Memorandum in Opposition to defendant's Motion for Summary Judgment any evidence of her exhaustion of state remedies as required by 42 U.S.C. §2000 e-5(c). Such remedies

were afforded under R.C. 4112.02 and 4112.05. Thus, defendant's Motion should be granted and plaintiff's complaint dismissed for her failures to satisfy all necessary prerequisites.

As to plaintiff's race discrimination claim, her Memorandum in Opposition cites no facts to support her claim that defendant's action was motivated by a racial animus. In the landmark case of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 817, 36 L.Ed. 2d 668 (1973), the Supreme Court set forth the rule for someone to establish a prima facie case of racial discrimination requiring:

> "(i)   That he belongs to a racial minority;
> (ii)  That he applied and was qualified for a job which the employer seeking applicants;
> (iii) That, despite his qualifications, he was rejected;
> (iv)  That, after his rejection, the position remained open and the employed continued to seek applicants from persons of complainant's qualifications."

Prongs (iii) and (iv) are to be modified as the facts of the case warrant. Id. @ 802, fn. 13; *Harrison v. Metro Government of Nashville*, 80 F.3d 1107, 1118 (6th Cir. 1996). Plaintiff has not provided any evidence in her Memorandum in Opposition on the fourth prong of the *McDonnell Douglas* test. Therefore, her claim for race discrimination must be denied. Additionally, plaintiff did not cite any Sixth Circuit authority to contradict the authority cited in defendant's Motion for Summary Judgment. To the extent plaintiff did cite relevant cases, these are not controlling upon this Court, and the Court should follow the cases cited by defendant. Those cases show that plaintiff did not suffer any sufficient adverse employment action and that the alleged discrimination which can be best described as poor relations between two co-workers, does not rise to the level of harassment. Additionally, as plaintiff's employer was a governmental entity, plaintiff has utterly failed to establish an official policy of discrimination by the defendant pursuant to *Monell v. Dept. of Soc. Serv. of the City of New York*, 436 U.S. 658, 694 (1978).

With regard to Ms. Hurston's claims of discrimination based on disability, again, she has not provided controlling Sixth Circuit authority which would contradict that cited in defendant's Motion for Summary Judgment. As outlined in the cases cited by defendant in its Motion for Summary Judgment, the alleged job actions are not sufficient to rise to the level of disability discrimination or failure to accommodate. Furthermore, a close examination of the job descriptions furnished by plaintiff reveal that her job position remained fairly consistent throughout her tenure.

With respect to plaintiff's claim of retaliation, plaintiff voluntarily sought and was granted disability leave. (Pl's Ex. 703-(1-2) and Hurston Depo., Sept. 9, 2003, p. 227) Simply, there was not retaliation.

Based upon the above law, and the law set forth in defendant's Motion for Summary Judgment and the fact that plaintiff has utterly failed to provide proof of required elements of her claims, there are no genuine issues of material fact and defendant is entitled to summary judgment as a matter of law. Therefore, defendant requests its Motion for Summary Judgment be granted and that plaintiff's complaint be dismissed with prejudice.

           Respectfully submitted,

           McGOWAN & JACOBS, LLC

           s/Jack C. McGowan
           Jack C. McGowan    (0005619)
           Attorney for Defendant
           Butler County Dept. of Job &Family Services
           246 High Street
           Hamilton, Ohio 45011
           (513) 844-2000/(513)868-1190 (FAX)
           Email: jcm@jcmcgowan.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within Motion of Defendant Butler County Dept. of Job and Family Services to Strike Plaintiff's Exhibits in Support of Plaintiff's Brenda Hurston Motion in Opposition of the Defendant's Motion for Summary Judgment was mailed by certified mail, return receipt requested, this 8th day of April, 2005 to Brenda Hurston, pro se, 1812 Grand Avenue, Middletown, OH 45044.

s/Jack C. McGowan