FILED
JAMES BONINI
CLERK

05 MAY -6 PM 4: 30

U.S. ...
SOUTH... ...
WEST... ... CINCINNATI

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

BRENDA K. HURSTON                 :        **CASE NO. C-1-01-313**

    Plaintiff                       :        Judge Weber; Black M.J.

-vs-

BUTLER COUNTY DEPT. OF
JOB AND FAMILY SERVICES

## PLAINTIFF'S RESPONSE MOTION IN OPPOSITION TO DEFENDANT'S REPLIED MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE EXHIBITS.

COME NOW, Plaintiff, Brenda K. Hurston response motion in opposition of defendant's replied motion for summary judgment, and motion to strike exhibits; on the grounds that the materials are sufficient, and admissible evidence. Plaintiff also makes request to supplement her exhibits. This motion is supported by the attached memorandum.

Respectfully submitted,

*Brenda K. Hurston*

Brenda K. Hurston
1812 Grand Avenue
Middletown, OH  45044
(513) 420-9692

1

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S REPLIED MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE EXHIBITS**

In support of plaintiff's response, Brenda K. Hurston offers the following statement of facts that you can rely on:

The plaintiff has raised issues, which were within her complaints to EEOC and The Ohio State Employment Relation Board (see exhibits 9-(11-16), 6.6). These exhibits are hereby certifying as true and correct copies of the Plaintiff's that were sent to both agencies. The defendant's counsel advised Ms. Hurston in his October 22, 2004 letter that was addressed to her, that those documents in her personnel file with EEOC are public records and can be requested pursuant to the Freedom of Information Act (see exhibit 6 ). The defendant did have common knowledge of its availability to access plaintiff's file with EEOC.

Clearly, the defendant around July 13, 2000, demoted Ms. Hurston and that is what she meant when she stated in her charge (see exhibit 9-(9-10) and affidavit (see exhibit 27 , which is the same document as 100-2). Each document is a true and correct copy out of her file with EEOC and states as follow:

I "Some of the duties I was able to perform with my disabilities were removed from me and given to someone else (white) with out disabilities; while duties that were more difficult for me to perform were increased. This was from on about July 13, 2000, and continuing."

"Around July 13, 2000, Linda Day took away some of my ordering duties and gave them to Jennifer Buker (Clerk 2 in Hamilton, white, no known disabilities)."

The process of ordering supplies for both the Middletown and Hamilton offices through the agency's main supplier, Office Depot was a full-time, primary sit-down job position. Before on-line purchases began on July 11, 2000, each order in both the Hamilton[1] and Middletown offices was typed manually and then sent to the supplier via facsimile by Ms. Hurston. On July 11, 2000, Linda Day (plaintiff's immediate supervisor) told Ms. Hurston that she will no longer be processing the Hamilton office order and the Hamilton office will begin to order all of their own supplies on-line from

---

[1] The Hamilton office, by far the larger of the two.

Office Depot (see exhibit **7-a**, page two, para 2 – Douglas E. Duckett's December 19, 2000 letter to Helen B. Gultz/Equal Employment Opportunity Commission), although the plaintiff was qualified to process all the orders from both offices herself. The Butler County Department of Human Services, now known as the Butler County Department of Job and Family Services (hereinafter "BCDJFS") reduced her status as a Purchaser by replacing her former job requirements with duties that is usually performed by a lower-paid clerk, even the defendant's counsel acknowledge this when he stated, "She is not working anywhere close to the level required of her current classification and pay rate." See exhibit 7a, page two, para. 4.

Ms. Hurston could not understand why the agency did not allow her to continue ordering supplies for both the Middletown and Hamilton offices; instead gave her more physical work rather than to accommodate her disability resulting in excruciating pain.

Where an employee assumes responsibilities assigned to a higher classification for a period of time, but is not reclassified to that level, and those additional job duties are later removed from the employee's duties, the employee should be placed in a temporary work level while performing the additional duties and compensated accordingly. **NOTE:** temporary work levels are for periods of one year or less; if the duties continue for more than one year, the employee must be reclassified up and then reclassified down. Bond v. Ohio Dept. of Administrative Services (Dec. 2, 1994), PBR 93-RMD-0700487; aff'd (Jan. 13, 1995), Full Board.   On July 9, 1990, plaintiff assumed the responsibilities assigned to a higher classification (see exhibits 3-(63-65) position description of Charlie Treadway as a Purchasing Assistant 1 that constitute a true and correct copy and plaintiff received by Mr. Treadway) that were improperly reclassified and reassigned to her in an arbitrary and capricious manner by the defendant and the union for 10 ½ years. "BCDJFS" intended to evade their obligation to rightfully compensate her for the duties performed by her during those 10 ½ years.  Plaintiff received five (5) Machine Operator II position descriptions prior to 7-6-90 (see exhibits 3-(10-14 and plaintiff's affidavit) by the defendant and each of those five (5) descriptions did not have the actual content of the job description of Purchasing Assistant I. However, on 7-9-90, Plaintiff did received the Machine Operator II position with 55% of the actual content of the Purchasing Assistant I position description (see exhibit 3-15 and plaintiff's affidavit).  Ms. Hurston wants to

3

emphasize the fact that as of July 9, 1990 she had performed job duties as a Purchasing Assistant I and Procurement Specialist that superseded her job classification as a Machine Operator II, which entitled her to higher-class wage earnings that "BCDJFS" **failed to award her over a period of 10 ½ years. Ms. Hurston is asking for monetary compensation for that which she is entitled to.**

Ms. Hurston had not applied or volunteered for the Purchasing Assistant I (see exhibits 3-(63-64) job position that was vacant and never posted. However, she did apply for the Machine Operator II job position (see exhibits <u>768-(1-4)</u>, is identified as Plaintiff's Ohio Civil Service Application) and the job description at that time, had already been identified as exhibit <u>3-10.</u> These documents constitute true and correct copies that were in her personnel file. The defendant's counsel stated, "Furthermore, a close examination of the job descriptions furnished by plaintiff reveal that her job position remained fairly consistent throughout her tenure." This is true, however, the job position description was not consistent with the job duties performed by the plaintiff for 10 ½ years and should have been reclassified. Ms. Hurston's duties were not in line with the Job Description and she was affected, physically, financially and mentally (Floyd Hurston depo. P. 88, 1. 6 thru. P. 91, 1. 13) (Randy Chafin depo. Vol II, P. 165, l. 1-22) as indicated by her former supervisor, Randy Chafin. Randy Chafin has also, verified that Ms. Hurston did the full-time positions as a Machine Operator II and a Purchasing Assistant I, until he left "BCDJFS" (Randy Chafin depo. Vol. II, P. 125, l. 6-22). Mr. Chafin also verified that Ms. Hurston did not get paid for doing Charlie Treadway's job position, and Charlie Treadway did get paid for being a Purchaser Assisting I (Randy Chafin depo. Vol. II, P. 180, l. 13-20).

Mr. Randy Chafin explained his version of when a job description is written that was explained to him by Dianne Logsdon, director, and Roy Kadle, the assistant director. He believed that it was determined by Columbus. (Randy Chafin depo. Vol. II, P. 117, 1 18 thru P. 119, 1. 11). On August 30, 2004, Ms. Hurston submitted a letter to Ohio Department of Administrative Services, addressed to Ms. Sharon Stevens (Supervisor of Office of County Services) regarding her concerns about the reporting status of "BCDJFS", personnel action forms, her personnel file and higher classification issues (see exhibits <u>769-(1-3)</u> constitute a true and correct copy).

4

On September 3, 2004, Ms. Stevens responded back to the plaintiff in writing with 17 pages of documents that constitutes true and correct copies (see exhibits 770-(1-17). Regarding higher classification issues, when plaintiff asked, "What percentage of the time do you need to perform higher-level duties in order to be changed to that higher classification?" Ms. Stevens response stated, "According to the Ohio Administrative Code (OAC) Chapter 123:1-3-04, Part (D), "the duties must satisfy the class concept or function statement at least twenty percent of the time". Ms. Stevens also included a 2-pg. letter dated January 26, 2001, from the director of "BCDJFS", Bruce E. Jewett to the supervisor of the County Services Unit (Beverly Wood) (see exhibits 770-(5-6). In Mr. Jewett letter he stated, "Please be advised that The Butler County Work Place, Butler County's Department of Job & Family Services will, with the support of the Butler County Broad of Commissioners, no longer routinely submit reports, position descriptions, performance evaluations, pay data, or any other materials or information to the Ohio Department of Administrative Services for review, approval, or any other purpose. Most county agencies throughout Ohio do not submit such reports because the paperwork serves no meaningful purpose, and we have reached that conclusion here." Please be advised that plaintiff requested a job audit on 1-19-01. On February 5, 2001, a written response to Bruce Jewett's letter from Beverly Wood was submitted (see exhibits 770-(3-4). In Beverly Wood's letter, she stated "BCDJFS" is in non-compliance with the classification plans.

As there are genuine issues of material fact left for trial, defendant should not be entitled to summary judgment. The plaintiff has proven that she can make a prima facie case regarding retaliation showing an adverse employment action. Additionally, plaintiff has shown a pervasive and severe case of race discrimination. The defendant did not provide Ms. Hurston with reasonable accommodations when these matters were brought to their attention. Ms. Hurston has shown that her job duties changed in a significant way. Lastly Ms. Hurston has proven if "BCDJFS" would have provided reasonable accommodations, she could have retained employment with "BCDJFS". The defendant should admit to their unlawful and intentional discriminatory employment practices that they have used against Ms. Hurston and cut their losses. Based upon these facts and the law, summary judgment should be denied.

**PLAINTIFF'S MEMORANDUMN IN RESPONSE TO DEFENDANT'S MOTION
TO STRIKE EXHIBITS**

In support of plaintiff's response, Brenda K. Hurston offers the following
statement of facts that you can rely on:

Plaintiff now understands that her exhibits must be certified and to be considered
by the court, documents must be authenticated by and attached to an affidavit that meets
the requirements of Rule 56e and the affiant must be a person through whom the exhibits
could be admitted into evidence.

With respect to Plaintiff's exhibits 3-(10-15) already addressed above.

With respect to Plaintiff's exhibits 3-(25-34) which is a true and correct copy of
Plaintiff's performance evaluation rebuttal, dated 06-11-90. Plaintiff verifies that she was
retaliated against as well as discrimination.

With respect to Plaintiff's exhibits 3-(37-39) which is a true and correct copy of
meeting regarding falsification charges hand written by Lynn Mitchell Watkins, dated 05-
07-90. See affidavit of Richard L. Shipp and Brenda Hurston.

With respect to Plaintiff's exhibits 3-(40) is a true and correct copy of Request for
Leave statement that was submitted by the Plaintiff on 04-23-90.

With respect to Plaintiff's exhibit 3-(41) is a true and correct copy of doctor
statement that was submitted by the Plaintiff requesting accommodation to wear
comfortable shoe while working, dated 04-23-90. See Plaintiff's affidavit.

With respect to Plaintiff's exhibit 3-(42) is a true and correct copy of Request for
Leave statement following alleged falsification charges against the Plaintiff, dated 04-23-
90; which verifies charges were pursuant.

With respect to Plaintiff's exhibit 3-(43) is a true and correct copy of letter from
Dr. Walker, regarding office visit by Plaintiff on 04-23-90; date stamped by Butler
County Personnel Department on May 8, 1990, submitted by Plaintiff. See Plaintiff's
affidavit.

With respect to Plaintiff's exhibit 3-(44-52) is a true and correct copy of
Plaintiff's Annual Evaluation, dated 06-05-90, submitted by Linda Duff to Plaintiff. See
Plaintiff's affidavit.

With respect to Plaintiff's exhibit 3-(63-64) is a true and correct copy of Plaintiff's Position Description of Purchasing Assistant I that was submitted to Plaintiff by Charlie Treadway, see Plaintiff's affidavit.

With respect to Plaintiff's exhibit 17-(10-13) is a true and correct copy regarding non discrimination, supervisory intimidation and discipline for just cause submitted to Heath Alpine via fax by Plaintiff, dated 03-30-00. See Plaintiff's affidavit.

With respect to Plaintiff's exhibit 100-(1-7) is a true and correct copy of Plaintiff's correspondence with EEOC that was submitted by the Plaintiff. See Sadie Williams's affidavit.

With respect to Plaintiff's exhibit 703-(1-2) is a true and correct copy of PERS Application for Disability Benefit submitted by Plaintiff dated 05-31-01. See affidavit of Plaintiff.

With respect to Plaintiff's exhibit 704-(1-2) is a true and correct copy of Report of Attending Physician submitted to PERS dated 06-01-01 for PERS Disability Benefit. See Plaintiff's affidavit.

With respect to Plaintiff's exhibit 732-(1-5) is a true and correct copy of report submitted by Dr. Richard T. Beer, to PERS, dated 08-23-01. See affidavit of Ruthie Meade.

With respect to Plaintiff's exhibit 732-(6-8) is a true and correct copy of Application for Disability Benefit report by employer dated 06-25-01 that was submitted by PERS to Plaintiff. See Plaintiff's affidavit.

### CERTIFCATE OF SERVICE

I, Brenda K. Hurston, hereby certify that a true and correct copy of Plaintiff's response motion in opposition of defendant's replied motion for summary judgment and motion to strike exhibits has been sent by regular mail and fax to Jack C. McGowan, Attorney for Defendant, Butler County Department of Job and Family Services, 246 High Street, Hamilton, Ohio 45011, this 6th, day of May 2005.

_Brenda K. Hurston_

Brenda K. Hurston, Plaintiff, Pro Se