IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
JAMES BONINI
CLERK

05 MAY -6 PM 4: 32

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

| | | |
|---|---|---|
| BRENDA K. HURSTON | : | **CASE NO. C-1-01-313** |
| Plaintiff | : | Judge Weber; Black M.J. |
| -vs- | | |
| BUTLER COUNTY DEPT. OF JOB AND FAMILY SERVICES | : | **NOTICE OF FILING THE AFFIDAVIT OF RUTHIE MEADE EXECUTIVE DIRECTOR OF (MEDICAL EVALUATORS INC.)** |

COME NOW, Plaintiff, Brenda K. Hurston hereby gives notice of the filing of the affidavit of Ruthie Meade, Executive Director (Medical Evaluators Inc.), which is being submitted in support of plaintiff's response motion and memorandum in opposition to defendant's motion of summary judgment and motion to strike exhibits previously filed herein on April 8th, 2005.

Respectfully submitted,

*Brenda K. Hurston*
Brenda K. Hurston
1812 Grand Avenue
Middletown, OH 45044
(513) 420-9692

**CERTIFCATE OF SERVICE**

I, Brenda K. Hurston, hereby certify that a true and correct copy of the within was sent by regular mail to Jack C. McGowan, Attorney for Defendant, Butler County Department of Job and Family Services, 246 High Street, Hamilton, Ohio 45011, this 6th, day of May 2005.

*Brenda K. Hurston*
Brenda K. Hurston, Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRENDA K. HURSTON | : | CASE NO. C-1-01 313 |
| Plaintiff | : | M.J. Judge: Timothy S. Black |
| -vs- | : | |
| BUTLER COUNTY DEPT. OF JOB AND FAMILY SERVICES | : | **AFFIDAVIT OF** Ruthie Meade/Executive Director/Medical Evaluators Inc. |
| Defendants | : | |

::: ::: ::: ::: ::: ::: :::

STATE OF OHIO         )
                      :
COUNTY OF BUTLER      )

**AFFIDAVIT OF RUTHIE MEADE (EXECUTIVE DIRECTOR) IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION OF SUMMARY JUDGMENT AND MOTION TO STRIKE EXHIBITS**

Ruthie Meade being first duly sworn on oath and with personal knowledge of the information contained herein, respectfully states to the U.S. District Court as follows:

1. I am over eighteen years of age and am competent to testify as to the matters here set forth.

2. My gender is female and my racial identity is <u>Caucasian</u>                                  .
   (race)

3. My office is located at <u>2591 Miamisburg-Centerville Rd., Suite 202</u>              ,
   (Number/Street)

   City of <u>Dayton</u>   , County of <u>Montgomery</u>                                  ,

   State of <u>Ohio</u>      , Zip Code <u>45459</u>                                   .

4. My telephone number is (including area code) <u>(937)-438-8200</u>              , and

   my fax number is (including area code) <u>(937)-438-8217</u>      .

5. My job title is <u>Executive Director of Medical Evaluators Inc</u>               .

6. My statement is to certify that the attached report (see exhibits 732-(1-5)) dated August 23, 2001, by Richard T. Beers, M.D., for the claimant Brenda K. Hurston, did come from this office, Medical Evaluators, Inc.

   I declare under penalty that the foregoing is true to the best of my knowledge and belief.

*Ruthie Meade*/Executive Director
Medical Evaluators Inc.

SUBSCRIBED AND SWORN TO before me this ___15___ day of April 2005.

Notary Public

MARGARET L. KNOPP
Notary Public, State of Ohio
My Commission Expires Feb. 27, 2008

**Richard T. Beers, M.D.**
Physical Medicine & Rehab Evaluations

Phone: 937-438-8200
Fax: 937-438-8217

August 23, 2001


PLAINTIFF'S
EXHIBIT
732-1
1-8

John Finfgeld
Supervisor – Disability Benefits
Public Employees Retirement System of Ohio
277 East Town Street
Columbus, OH 43215-4642

        RE: Brenda K. Hurston
        SSN: ███3403

**DISABILITY CLAIMED BY REASON OF:** Pain and swelling of the left foot status post multiple surgeries.

**HISTORY OF PRESENT ILLNESS**

Ms. Brenda Hurston is a 42-year-old female who states that she has had problems with her feet for an extended period of time. The claimant stated she did not remember any accident or injury, but around 1991 she began to get pain in her feet, particularly the left. She was a frequent bowler and she noted particular problems when she was trying to bowl. Eventually the pain got to the point where she was unable to continue bowling. She was seen by a podiatrist, Leonard Janis, D.P.M., and in 1992 she had her first surgical procedure. This consisted of a triple arthrodesis with screw fixation and resection of exostosis. She relates that the first surgery did not help significantly. She was having significant pain in her toes. Since that time, she has had continued pain in her left foot and has had multiple surgical procedures. In 1993 she had resection of a bone spur at the base of the fifth metatarsal, and in 1997 she had a bunionectomy as well as an excision of a neuroma, condylectomy, and a resection of metatarsal cuneiform exostosis. She also had some pain in her right foot in 1998. She underwent resection of a talar spur, a resection of the metatarsal cuneiform exostosis, and a neurectomy.

She has had continued problems with her feet. The surgical procedures helped only partially, and she continued to ambulate with difficulty. On 2-28-01 she had her last surgical procedure. This included a bunionectomy with hemi implant of the left foot, excision of a neuroma, resection of metatarsal cuneiform exostosis, condylectomy of third and fourth metatarsal heads, and resection intermediate dorsal cutaneous on the left foot.

PLAINTIFF'S
EXHIBITS
732-1

**Medical Evaluators** 2591 Miamisburg-Centerville Rd., Suite 202 • Dayton, Ohio 45459 • 937.438.8200/888.513.8200 • Fax: 937.438.8217
INC

Page 2
8-23-01

Brenda K. Hurston

Despite all of the above surgeries, she continues to have problems, particularly with the left foot. She has pain primarily over the top of the foot and over the lateral aspect of the foot on the left, and her ankle hurts significantly as well. She elevates her feet frequently and uses ice daily. She uses a cane to ambulate. Her right foot hurts, but it is not as painful as the left. The pain is primarily over the dorsum of the foot and over the posterior heel area. She states that her feet swell frequently.

She also complains of pain in the lower lumbar area intermittently. She has had problems with her back since 1990, when she lifted some boxes and had some pain. She has not had any recent formal physical therapy and she does not recall any workup of her back. This bothers her primarily in the lower lumbar area and she does not describe radiation to the lower extremities.

## PAST MEDICAL HISTORY

Past medical history is remarkable for chronic headaches, noninsulin-dependent diabetes mellitus, and arthritis. She also has a history of depression and sees a psychiatrist for this.

## SOCIAL HISTORY

She does not smoke. She uses alcohol occasionally.

## MEDICATIONS

Her medications include Celebrex 200 mg once a day, Nortriptyline 10 mg 3 x a day, and Zoloft, 1 tablet a day.

She does not describe any allergies.

## FAMILY HISTORY

Family history is remarkable for arthritis, diabetes, and hypertension in her mother and father, and polio in her mother.

## VOCATIONAL HISTORY

The claimant states that she has worked for her present employer since 1988. Her job description is of an Office Machine Operator II. She has done various duties through the years, but primarily has worked in the office. Her job included

PLAINTIFF'S
EXHIBITS

732-2



Medical Evaluators  2591 Miamisburg-Centerville Rd., Suite 202 • Dayton, Ohio 45459 • 937.438.8200/888.513.8200 • Fax: 937.438.8217
INC

Page 3
8-23-01

Brenda K. Hurston

printing forms, unpacking boxes, and occasional lifting and carrying up to 50 pounds. She did a lot of collating and a significant amount of copying. She states that she was constantly walking to and from the copying machine and had to stand frequently during her copying. She estimated that she would sit approximately two hours out of a day. At times she has been working on a computer, but has not been able to do this recently. She had no discomfort when she was working on the computer. She relates that she has been on restriction since 1998 for lifting, but has continued to do some lifting with her job. She has been on disability since her most recent surgery in February.

### MEDICAL FILE REVIEW

Medical information sent with the file included the application for disability benefits. This included a job description for an office machine operator. It relates that she had to be able to lift up to 50 pounds, and she had responsibility for maintaining inventory and having operating knowledge of the duplicating machine. The job description does specifically state that she would have to handle most of the department's printing needs, which would include reproducing forms, office memos, and reports.

Report of the attending physician, Dr. Leonard Janis, was reviewed. The multiple surgical procedures were noted.

### PHYSICAL EXAMINATION

Her height is 5'6" and her weight is 216 pounds. The claimant is awake and alert. Her affect is mildly flat. She did become labile during the exam when discussing her job description. She has good range of motion of her cervical spine and she has no neurological deficits in the upper extremities. She was tender to palpation in the lower lumbar paraspinal muscles with slight decreased forward flexion and extension of her lumbar spine. There was no involuntary muscle guarding palpable. She had no pain on range of her hips.

On examination of the lower extremities, she had evidence of multiple surgical procedures on the left foot and there were two incisions on the right foot. Generally, the right foot appeared to be without swelling or discoloration. She had normal range of motion of her knees and ankles. There was a 10-cm scar anterior to the medial malleolus extending distally, which was well healed, and there was a 4-cm scar posterior and lateral to the Achilles tendon, which was also well healed. She was mildly tender to palpation over the dorsum of the foot.

PLAINTIFF'S
EXHIBITS

732-3



**Medical Evaluators** INC   2591 Miamisburg-Centerville Rd., Suite 202 • Dayton, Ohio 45459 • 937.438.8200/888.513.8200 • Fax: 937.438.8217

Page 4
8-23-01

Brenda K. Hurston

Peripheral pulses were intact. Sensation was intact on the right. Motor strength was intact on the great toe extensors and flexors, as well as the ankle dorsal flexors and ankle plantar flexors, knee extensors, knee flexors, and hip flexors and extensors. Sensation was intact to light touch on the right and reflexes were 1+ at the patellar and Achilles tendons.

On examination of the left lower extremity, there was no significant atrophy of the calf, as it measured 40 cm compared to the right, which was 41 cm. There was some soft tissue swelling in the left ankle and foot. Measurements of the left ankle were 23.5 cm and on the right 22.5 cm. Measurements over the mid foot were 26 cm on the left and 23 cm on the right. There was diffuse hyperpigmentation and discoloration of the foot diffusely over the dorsum and over the medial and lateral aspect of the foot. She was very tender to palpation diffusely throughout the left lower extremity, particular over the dorsum of the foot, but also medially. There was limited range of motion of the left ankle, with plantar flexion to $20°$ and extension to only neutral. She had minimal motion at the metatarsophalangeal joint on the left. There was no redness or warmth. Dorsalis pedis pulses were palpable. She had decreased sensation over the lateral aspect of the foot, particularly of the last three toes. Otherwise, sensation was intact. Motor strength was difficult to evaluate with the discomfort. Great toe extension was minimal. Ankle dorsiflexion was difficult to evaluate due to giveaway quality. She had normal extension and flexion of the knee and hip of the left lower extremity. Reflexes were 1+ of the patellar and Achilles tendons. There were multiple scars in the left foot. There was a 3-cm well-healed incision superior and anterior to the lateral malleolus. There was a 5-cm scar over the lateral foot at the plantar junction. There was a 10-cm scar of the anterolateral malleolus extending distally. There was a 7-cm scar over the dorsum of the foot in the midline. There was a 7-cm scar through the first metatarsophalangeal joint extending proximally. There was also a 10-scar over the medial aspect of the foot. All scars were well healed. She was able to get on and off the examining table with difficulty. She was able to ambulate with a cane held in the right hand. She ambulated slowly and carefully, with a significant antalgic quality.

**IMPRESSION:**

1. History of bilateral foot pain status post multiple surgical procedures on the left and one surgical procedure on the right. These are listed as above. According to the reported attending physician she does have degenerative joint disease of the left foot.
2. Intermittent back pain, most likely secondary to early degenerative disc disease. There is no evidence of radiculopathy.

PLAINTIFF'S EXHIBITS

732-4



**Medical Evaluators INC**   2591 Miamisburg-Centerville Rd., Suite 202 • Dayton, Ohio 45459 • 937.438.8200/888.513.8200 • Fax: 937.438.8217

Page 5
8-23-01

Brenda K. Hurston

**DISCUSSION**

This is a 42-year-old female with significant pain in both lower extremities, more prominent on the left. She has had multiple surgical procedures and has a total of seven scars over the left foot and two scars over the right foot. There is soft tissue swelling and discoloration of the left foot. She has limited range of motion of the left ankle. She uses a cane to ambulate; ambulation was difficult. Based on all of the above, she would have difficulty performing, on a regular basis, duties that will require her to stand and walk. According to the job description sent, she would have to be able to be on her feet doing copying as well as moving back and forth for inventory. She would also have to have the ability to lift up to 50 pounds, which she states she was required to do intermittently. In my opinion, she would not be able to perform these duties on a regular basis. She could perform a sedentary job on a full-time regular basis with no difficulty.

**TO THE PUBLIC EMPLOYEES RETIREMENT BOARD:**

On August 23, 2001, Ms. Brenda K. Hurston was examined by me and the result of this examination is given in this report. I hereby certify that because of the above described condition the applicant is presumed to be physically incapacitated permanently for the performance of her specific duty and should be entitled to a disability benefit.

Continued treatment is recommended.

Should you have any questions, please do not hesitate to contact the office.

Sincerely,

Richard T. Beers, M.D.
RTB/bgv

PLAINTIFF'S EXHIBITS

732-5



Medical Evaluators  2591 Miamisburg-Centerville Rd., Suite 202 • Dayton, Ohio 45459 • 937.438.8200/888.513.8200 • Fax: 937.438.8217
I N C