FILED
JAMES BONINI
CLERK

'05 MAY -6 PM 4:29

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST DIV. CINCINNATI

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| BRENDA K. HURSTON | : | **CASE NO. C-1-01-313** |
| Plaintiff | : | Judge Weber; Black M.J. |
| -vs- | | |
| BUTLER COUNTY DEPT. OF JOB AND FAMILY SERVICES | : | **NOTICE OF FILING THE AFFIDAVIT OF BRENDA K. HURSTON** |

COME NOW, Plaintiff, Brenda K. Hurston hereby gives notice of the filing of the affidavit of herself, which is being submitted in support of her response motion and memorandum in opposition to defendant's motion of summary judgment and motion to strike exhibits previously filed herein on April 8th, 2005.

Respectfully submitted,

*Brenda K. Hurston*

Brenda K. Hurston
1812 Grand Avenue
Middletown, OH 45044
(513) 420-9692

**CERTIFCATE OF SERVICE**

I, Brenda K. Hurston, hereby certify that a true and correct copy of the within was sent by regular mail to Jack C. McGowan, Attorney for Defendant, Butler County Department of Job and Family Services, 246 High Street, Hamilton, Ohio 45011, this 6th, day of May 2005.

*Brenda K. Hurston*

Brenda K. Hurston, Plaintiff, Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BRENDA K. HURSTON | : | **CASE NO. C-1-01 313** |
| Plaintiff | : | M.J. Judge: Timothy S. Black |
| -vs- | : | |
| BUTLER COUNTY DEPT. OF JOB AND FAMILY SERVICES | : | **AFFIDAVIT OF Brenda K. Hurston** |
| | : | **(Plaintiff, Pro Se)** |
| Defendants | | |

::: ::: ::: ::: ::: ::: :::

STATE OF OHIO )
:
COUNTY OF BUTLER )

**AFFIDAVIT OF BRENDA K. HURSTON IN SUPPORT OF HER RESPONSE IN OPPOSITION OF SUMMARY JUDGMENT AND MOTION TO STRIKE EXHIBITS**

Brenda K. Hurston, being first duly sworn on oath and having personal knowledge of the exhibits and facts contained herein, respectfully states to the U.S. District Court that the following is true and accurate to the best of her knowledge and belief:

1. I am over eighteen years of age and am competent to testify as to the matters here set forth.

2. My gender is female and my racial identity is African American.
(*race*)

3. I reside at 1812 Grand Avenue,
(*Number/Street*)

City of Middletown, County of Butler,

State of Ohio, Zip Code 45044.

4. My telephone number is (*including area code*) (513)-420-9692.

5. I was employed at the Butler County Department of Job and Family Services, formerly Butler County Department of Human Services for approximately 13 years.

6. On October 13, 2004, when the defendant alleged that they turned over to me a copy of my entire personnel file and some additional documents which had been turned over to defendant's counsel by the Department of Job and Family Services as outlined in Michael E. Jacob, ESQ's letter to me, and was a attachment in his October 22, 2004 affidavit as Exhibit 1; I received Dr. Walker's letters of April 23, 1990 and May, 1990 that was stamped by personnel department and have Betty Proctor's hand writing on it. Those letters are listed as my exhibits 3-41 & 43.

7. On October 13, 2004, the defendant's counsel submitted to me by certified mail a copy of Dr. Randolph's May 5, 1998 report (see exhibit 746-(1-4). Dr. David C. Randolph, M.D., M.P.H. which was hired by the defendant to review my medical records in 1998 that he received from my Dr. Leonard R. Janis D.P.M.; he addressed his report to Gail Weigel, Assistant Director of Butler County Department of Human Services at that time. See Leonard R. Janis D.P.M' affidavit.

8. Dr. Randolph's May 5, 1998 clearly indicated the following in 1998.
   a. Pre and post operative diagnoses and history diagnoses
   b. I stated, "My foot is killing me", and reference is made to **failure of conservative management.**
   c. X-rays shows **degenerative joint disease**. Therefore, the defendant already knew that I had degenerative joint disease when they made their decision not to accommodate me with a sit-down position in 1998. They also should have known that they further agitated my feet condition by, failing to accommodate my Dr.'s request again in 2000 and increasing my workload that requires me to collate, stand, walk, reach, climb up & down stairs, to lift up to 50lbs.

   d. Dr. Randoph admits in his opinion that my job requirements permits me to sit primarily during the day and I am capable of lifting and carrying objects weighing up to at least up to 10 pounds.

With respect to Plaintiff's exhibits 3-(10-15) which are true and correct copies of my job position description as machine Operator I (see Randy Chafin depo. Vol. II, P. 126, l. 11 thru P.136, l.6.

With respect to Plaintiff's exhibit 6, I verify that it is a true and correct copy of the defendant's counsel letter dated October 22, 2004, to me regarding documents in my personnel file with the EEOC.

With respect to Plaintiff's exhibits 6.6 (1-2), I verify that it is a true and correct copy of my Unfair Labor Practice Charge (Case No. 2001-ULP-03-0150) that I submitted to the State Employment Relations Board.

With respect to Plaintiff's exhibits 3-(25-34) which is a true and correct copy of Plaintiff's performance evaluation rebuttal, dated 06-11-90. I verify that I believed that I was being retaliated against as well as discrimination.

With respect to Plaintiff's exhibits 3-(37-39) which is a true and correct copy of meeting regarding falsification charges hand written by Lynn Mitchell Watkins, dated 05-07-90. I verify that I witnessed Lynn Mitchell Watkins writing those documents during the meeting on 5-7-90 and she submitted a copy of those documents to me after the meeting with me, Dianne Rice Logsdon, Betty Proctor, Lynn Mitchell and Larry Watkins-Ohio Council 8. The initials "BK" are Brenda King, "DL" is Dianne Rice Logsdon, "BP" is Betty and "LW" is Larry Watkins. I also verify that the statements of all were said at the meeting. The union knew what was going on, because their representatives (Lynn Mitchell/Union President and Larry Watkins/Staff Representative) were there at the meeting. They failed to bargain fairly in behalf of myself, although I was a dues-paying member of the union.

With respect to Plaintiff's exhibit 3-(40) is a true and correct copy of Request for Leave statement dated 4-23-90 that I submitted to the defendant on 4-24-90.

With respect to Plaintiff's exhibit 3-(41) is a true and correct copy of Dr. Walker letter dated April 23, 1990 that I submitted to the defendant on 4-24-90. Dr. Walker requested accommodation for me to wear comfortable shoe while working, dated 04-23-90. I also verify that the handwriting underneath Kenneth Walker, D.P.M. is of Betty Proctor of personnel and the letter was date-stamped by personnel 4-24-90.

With respect to Plaintiff's exhibit 3-(42) is a true and correct copy of Request for Leave statement following alleged falsification charges against the Plaintiff, dated 04-23-90; which verifies charges were pursuant.

With respect to Plaintiff's exhibit 3-(43) is a true and correct copy of letter from Dr. Walker, regarding office my office visit on 04-23-90; I verify that it was date stamped by Butler County Personnel Department on May 8, 1990.

With respect to Plaintiff's exhibits 3-(44-52) is a true and correct copy of my Annual Evaluation, dated 06-05-90, that was submitted to me by Linda Duff.

With respect to Plaintiff's exhibits 3-(54-56) which is a true and correct copy of meeting regarding Evaluation Hearing hand written by Lynn Mitchell, dated 06-19-90. I verify that I witnessed Lynn Mitchell writing those documents during the meeting on 6-19-90 and she submitted a copy of those documents to me after the meeting with me, Dianne Logsdon, Linda Duff, Lynn Mitchell and Larry Watkins-Ohio Council 8. The initials "BK" are Brenda King, "DL" is Dianne Logsdon, "LD" is Linda Duff and "LW" is Larry Watkins. I also verify that the statements of all were said at the meeting. The union knew what was going on, because their representatives (Lynn Mitchell/Union President and Larry Watkins/Staff Representative) were there at the meeting. They failed to bargain fairly in behalf of myself, although I was a dues-paying member of the union.

With respect to Plaintiff's exhibits 3-(63-64) is a true and correct copy of the Position Description of Purchasing Assistant 1 that I received by Charlie Treadway.

With respect to Plaintiff's exhibits 17-(10-13) is a true and correct copy regarding non discrimination, supervisory intimidation and discipline for just cause that I submitted to Heath Alpine via fax dated 03-30-00, I believe that Linda Day abuse her power by constantly trying to intimidate me, discriminate, and harass. She constantly created a hostile working environment for me and I was letting Heath MacAlpine what was going on.

With respect to Plaintiff's exhibits 100-(1-7) is a true and correct copy of Plaintiff's correspondence with EEOC that was submitted by the Plaintiff. See Sadie Williams's affidavit.

With respect to Plaintiff's exhibits 703-(1-2) is a true and correct copy of PERS Application for Disability Benefit dated 05-31-01 that I submitted to PERS.

With respect to Plaintiff's exhibits 704-(1-2) is a true and correct copy of Report of Attending Physician for PERS Disability dated 06-01-01, that I received from PERS.

With respect to Plaintiff's exhibits 732-(1-5) is a true and correct copy of report submitted by Dr.Richard T. Beer, to PERS, dated 08-23-01. See affidavit of Ruthie Meade.

With respect to Plaintiff's exhibits 732-(6-8) is a true and correct copy of Application for Disability Benefit report by employer dated 06-25-01 that was submitted to me by PERS. The defendant alleges, "Employer has seen no evidence supporting a claim of permanent incapacitation to perform duties."

I declare under penalty that the foregoing is true to the best of my knowledge and belief.

Brenda K Hurston

Brenda K. Hurston, Plaintiff, Pro Se

SUBSCRIBED AND SWORN TO before me this 6th day of ~~April~~ May 2005.

Notary Public

Beverly J. Renwick
NOTARY PUBLIC
In and for the State of Ohio
My Commission Expires
November 19, 2007

5-7-90

Dianne Lisa Logodos, Betty Proctor

Brenda King, Lynn Mitchell

Larry Watkins - Ohio Council 8

BK ~~Falsification~~ charges were going to be filed as Betty Proctor and Linda Duff couldn't confirm Brenda's appointment on 4/23/90. BP asked BK if she could contact doctor. Nurse at Dr's office specified that BK didn't have an appointment. BK advised BP to call back because Dr told BK to come the same time as her sister's appt. 4-30-80 BP + LD called BK into personel office and stated that BK didn't have appt and her time off wouldn't be paid. Questioned BK about falsifying doctor statement. 5-1-90 BK again questioned by BP + LD and stated that BK's appt verified and she would be paid for time off. Lynn Mitchell present @ this meeting (I want an apology.)

DL Since BK didn't have appt according to nurse at DR's office, her time sheet requesting time off was of concern regarding falsification. (Later another nurse at DR's office confirm that BK did [see] the DR.)

PLAINTIFF'S EXHIBITS 3-37

LW BK's doctor's statement was from DR's office. Statement provided. BK needed to wear the type

of shoes she wears. Employees bringing in Doctor's statement should be suffient enough.

DL. Deanne apologized for BK's inconvenience during this problem. BK extremely upset with administration

BK. BK was upset about even being brought up on the falsification charges which weren't substanciated "BK never reluctant about providing issues concerning this matter. 4-30-90 issued a written reprimand and disapprove sick leave by LD. BP + LD then wanted BK to sign the written reprimand. BK refused to sign the reprimand.

BP 4-24-90 Spoke with Brenda regarding the statement from doctor (condition not on statement) 4-30-90 Time of sick leave disapproved + falsified time sheet with written reprimand. Two nurses stated BK not a patient and not on the appt book. Doctr not in and unavailable to speak with Betty.

DL Doctr should have notified his staff that BK was in the office. Wasn't on the appt book. Unfortunate incident when questions were raised after first contacting doctr's office. Doctr's office gave incorrect information.

PLAINTIFF'S EXHIBITS

3-38

DL. I have apologized as the director. BP & LD didn't act inappropriately as the questions which came up. Misinformation supplied by doctors office.

LW Ask BP why she didn't question the nurses as to how BK received the doctor's statement. All this could have been avoided if LD & BP had apologized once the doctor confirm appt.

DL Confusion began with contacting DR's office. Ask BK if there was any futher questions and if she wanted to speak about anything else.

BK. No I don't have any questions. Why are my shoes out of dress code. Her other shoes weren't addressed until she purchased the new shoes.

DL I don't consider those dress shoes.

PLAINTIFF'S EXHIBITS

3-39

6-19-98

Evaluation Hearing

Plaintiff's Exhibit
PLAINTIFF'S EXHIBITS
3-54

Dianne Logsdon, Linda Duff

Brenda King, Lynn Mitchell

Larry Watkins - Ohio Council 8

BK #5 - Average rating deserved because always willing to do what is ask of duties to be performed. LD needs to be more specific in directives of duties requested.

LD BK approached LD in very hostile manner and gave LD no indication of misunderstanding orders requested.

Form requested by LD wasn't specific about how to complete form to satisfactory

LW Willingness to accept responsibility has been shown by reorganizing mail room + forms requested throughout agency use.

BK Shredder - using shredder was causing white particles to be flying into mail room area. Ask LD to do something about flying paper from shredder - obtain caps for hair. Discussed this with Roy Kadle. LD stressed "You will do this" BK never refused to do this.

DL Supervisor has right to ask job duties but must be professional in attitude and manner of speech.

BK Ask to do all the "dirty jobs." LD + other staff in [illegible] talking about [illegible] of the Incoming weekend

DL Misunderstandings are taking place. BK acknowledges not working outside of job classification.

BK Other employees arent requested to do jobs requested by LD. Socializing of other employees within unit at times of groups but I am expected to work while they socializing. LD has very negative attitude toward me.

DL Considerable discussion and debates by your own admission before completing tasks.

BK LD always makes an argument out of questions that I ask.

DL. Do you have suggestions or remedies between you + L.D.

BK Show more respect to me.

LD Printing - Averages 1-90 thru 4-90 944 per hour after factoring out coverage of other duties. Hypunsby to print.

LW Pre-copy forms & place hr meter.

DL We only print orders by requisitions because forms can change and become obsolete. Copies printed out by machines. Come up with accurate time spent of printing.

BK #17 ~~[illegible]~~ I have been given responsibilities on my own and able to adjust to change and being flexible LD now in Midd office and working on my own and working out quite well. LD needs to attend management classes.

PLAINTIFF'S EXHIBITS
3-55

DL Quantity Work – } Willing to look at measuring or observing
Printing Time – } time spent during job duties.

BK All 4 ratings be changed to 3 ratings

Linda prejudice against blacks. Smart remarks made to myself. Felt pressure from LD. Rude toward me. Unforgiving & vindictive toward me.

D.L. BK's attitude toward LD must be professional and courtesy. BK needs to work toward a decent working relationship.

DL to get back with an answer

PLAINTIFF'S EXHIBITS
3-56

McGOWAN & JACOBS, LLC
ATTORNEYS AND COUNSELORS AT LAW
246 HIGH STREET
HAMILTON, OHIO 45011

JACK C. McGOWAN
MICHAEL E. JACOBS*

JCM@jcmcgowan.com
MichaelJacobs@jcmcgowan.com

TELEPHONE (513) 844-2000
FAX (513) 868-1190

*ALSO ADMITTED IN KENTUCKY AND INDIANA

October 22, 2004

**VIA FACSIMILE**

Ms. Brenda Hurston
1812 Grand Avenue
Middletown, OH 45044

Re: Brenda K. Hurston vs. Butler County Job & Family Services

Dear Ms. Hurston:

I received a fax from you today and reviewed my file. I find that I forwarded documents by certified mail to you on October 13, October 19 and more documents will be going out to you no later than Monday October 25, 2004. Please be sure you have picked up your certified mail and then let me know what you believe you have not received.

I have a copy of my letter to you on October 19 by certified mail transmitting the contract effective 1987 through 1989 which was responsive to one of your requests.

I also believe that several hundred pages of your personnel file have been furnished to you. If, as you say, there are over 700 pages of your personnel file with the EEOC, those documents are public records, and you may, if you have not already, request a copy pursuant to the Freedom of Information Act.

Please give me a call to resolve this discovery dispute as soon as you have picked up your certified mail and determined what documents you feel you have not been provided.

Yours very truly,

McGOWAN & JACOBS, LLC

Jack C. McGowan

JCM/ten

PLAINTIFF'S EXHIBIT 6

STATE OF OHIO
STATE EMPLOYMENT RELATIONS BOARD
65 East State Street, 12th Floor
Columbus, Ohio 43215-4213
(614) 644-8573

DO NOT WRITE IN THIS SPACE

Case No. 2001-ULP-03-0150

w/att

STATE EMPLOYMENT RELATIONS BOARD
2001 MAR 13 A 10:04
SERB Official Time Stamp

# UNFAIR LABOR PRACTICE CHARGE

INSTRUCTIONS: File *one original and one copy* of this form with the State Employment Relations Board at the above address. Serve *one copy* on the party against whom the charge is brought. See Ohio Administrative Code Rule 4117-1-02. If more space is required for any item, attach additional sheets, numbering items accordingly.

1. PARTY FILING CHARGE: *(check one)*

☐ Employee Organization/Union ☒ Employee ☐ Employer ☐ Other ________

| | |
|---|---|
| Name: Brenda Hurston | Telephone: work (513) 425-8696; home (513) 420-9692 |
| Address: 1812 Grand Ave. | Fax: ( ) |
| City, County, State, Zip: Middletown, Butler, Ohio, 45044 | |

2. NAME OF PERSON REPRESENTING THE PARTY FILING CHARGE: (Representative must file a Notice of Appearance form.)

| | |
|---|---|
| NONE | Telephone: ( ) NONE |
| Address: NONE | Fax: ( ) NONE |
| City, County, State, Zip: NONE | |

3. PARTY AGAINST WHOM THIS CHARGE IS BROUGHT: *(check only one)*

☐ Employee Organization/Union ☐ Employee ☒ Employer ☐ Other ________

| | |
|---|---|
| Name: Butler Co. Department of Job & Family Services, The Government Services Center | Telephone: (513) 887-4000 |
| Address: Bruce Jewett, 315 High St., P.O. Box 4000 | Fax: (513) 887-4334 |
| City, County, State, Zip: Hamilton, Butler, Ohio 45012-4000 | |

4. EMPLOYER: *(if different from item 1 or 3)*

| | |
|---|---|
| Name: | Telephone: ( ) |
| Address: | Fax: ( ) |
| City, County, State, Zip: | |

PLAINTIFF'S EXHIBIT 6.6 Pg 1
PENGAD 800-631-6989

5. BASIS OF CHARGE: The party against whom this charge is brought has engaged in or is engaged in unfair labor practices within the meaning of Ohio Revised Code Section 4117.11. (Check appropriate subsections only.)

Charges against employers: (A)(1) ☒ (A)(2) ☒ (A)(3) ☒ (A)(4) ☒ (A)(5) ☒ (A)(6) ☒ (A)(7) ☐ (A)(8) ☐

Charges against unions or employees: (B)(1) ☐ (B)(2) ☐ (B)(3) ☐ (B)(4) ☐ (B)(5) ☐ (B)(6) ☐ (B)(7) ☐ (B)(8) ☐

**6. STATEMENT OF FACTS:** Provide a clear and concise statement of the facts constituting the alleged unfair labor practice(s), including the names of individuals involved and the date and place of the occurrences giving rise to the charge. *(If more space is required, add additional sheets).*

I WAS hired 6·6·88 AS A machine Operator 2 Classification #12422. In 7·6·90 my job position substantially changed to A purchaser At least by 55% over my other job position, however my Employer Kept my classification As A machine Operator 2 the same. Therefore, I was not getting paid for the higher Job classification Even though I did the work, And others Know me As A purchaser. I was not aware of the circumstances involve, because, when job change took place, I was told by Employer And union, If I did not do what my supervisor Asked, I would be insurdination, and the work would fall in 5% category of new position descriptions of 7/6/90.

SEE: Attachment.

**A failure to provide the above information could result in the charge being dismissed for failure to provide a clear and concise statement.**

**DECLARATION**

I declare that I have read the contents of this Unfair Labor Practice Charge and that the statements it contains are true and correct to the best of my knowledge and belief.

**To distinguish originals, please do not use black ink for signatures.**

Brenda K Hurston
Signature of Person Attesting to Content of Form

February 27th, 2001
Date

Brenda K. Hurston
Print or Type Name

THIS UNFAIR LABOR PRACTICE CHARGE WILL NOT BE ACCEPTED FOR FILING UNLESS THE PROOF OF SERVICE IS FULLY COMPLETED AND BEARS AN ORIGINAL SIGNATURE OF A REPRESENTATIVE OF THE PARTY FILING CHARGE.

**PROOF OF SERVICE**

I certify that an exact copy of the foregoing Unfair Labor Practice Charge has been sent or delivered to:

Bruce Jewett/BCDJFS Director
(Name and complete address of party against whom this charge is brought)
315 High St., P.O. Box 4000, Hamilton, OHIO 45012-4000

by ☐ Regular U.S. Mail ☐ Certified U.S. Mail ☐ Hand Delivery ☒ Other Faxed

this 27th day of February (month), 2001 (year).

Brenda K Hurston
Signature of Person Attesting to Service of Form

Brenda K. Hurston
Print or type name

PLAINTIFF'S EXHIBIT 6.6 pg 2.

# POSITION DESCRIPTION

OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES

PERSONNEL DIVISION

AGENCY: Butler Co. Dept. of Human Services

DIVISION OR INSTITUTION:

UNIT OR OFFICE: Accounts Payable

Do not write in shaded area

POSITION CONTROL NUMBER: 11410.0

☐ State Agency ☒ County Agency ☐ New Position ☒ Change

COUNTY OF EMPLOYMENT:

USUAL WORKING TITLE OF POSITION: Office Machine Operator 2

POSITION NO. AND TITLE OF IMMEDIATE SUPERVISOR: 11400.00 Account Clerk Supervisor

NORMAL WORKING HOURS (Explain unusual or rotating shift.) FROM: TO: 8 hours varied

JOB DESCRIPTION AND WORKER CHARACTERISTICS

| % | Job Duties in order of importance | Minimum Acceptable Characteristics |
|---|---|---|
| 80% | Handle most of the Department's printing needs, reproducing both forms and office memos and reports. This requires operating knowledge of the Gestetner duplicating machine and scanner. Receive requests for printing needs from various units and fill these requests on a timely basis. Be familiar with the different forms used by the Department, keep a loose-leaf record of numbered county welfare department forms, keep masters in folders to be re-used as needed. Keep equipment clean and make minor adjustments. Orders State forms. Maintains State forms Log and Directory. | 13b, 29 duplicator, scanner 30c, 30e, 32f, 32n 33a, 33b, 34B, 35c-50Lb |
| 20% | Assist in receiving and processing purchase order requisition forms from caseworkers. After proof reading requisitions to ascertain that key items are consistant with agency policy, type purchase orders in triplicate from information received. Also assists in typing replacement medical cards for ADC, GR and medicaid recipients. Maintains logs on purchase orders, and medical cards to account for all issuance. Numerically files all purchase orders typed. Returns primary requisition forms to caseworkers daily. | 11a, 11b, 13a, 13b*, 25, 29 (Computer Terminal) 30d, 30d, 30e, 30h, 31b, 31c, 32f, 32g, 32h, 32i, 32j, 33a, 33b, 33d, 34b, 34d |

PLAINTIFF'S EXHIBITS 3-10

Office Machine Operator 2 11/24/87 14422

List Position Numbers and Class Titles of positions supervised. If more than eight, list totals only.

SIGNATURE OF AGENCY REPRESENTATIVE: [signature] DATE: 11-17-87

ADM 4107 (5-75)

Rec'd 1-22-89

# POSITION DESCRIPTION

OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES

PERSONNEL DIVISION

AGENCY: Butler Co. Dept. of Human Servic

DIVISION OR INSTITUTION:

UNIT OR OFFICE: Communications

*Do not write in shaded area*

POSITION CONTROL NUMBER: 11309.0

CLASS TITLE:

CLASS NUMBER: 12422

☐ State Agency ☒ County Agency ☐ New Position ☒ Change

COUNTY OF EMPLOYMENT: Butler

USUAL WORKING TITLE OF POSITION: Office Machine Operator 2

POSITION NO. AND TITLE OF IMMEDIATE SUPERVISOR: 11300.0 Office Manager 1

NORMAL WORKING HOURS (Explain unusual or rotating shift.) FROM: TO: 8 hours varied

JOB DESCRIPTION AND WORKER CHARACTERISTICS

| % | Job Duties in order of Importance | Minimum Acceptable Characteristics |
|---|---|---|
| 85% | Handle most of the Department's printing needs, reproducing both forms and office memos and reports. This requires operating knowledge of the Gestetner duplicating machine and scanner. Receive requests for printing needs from various units and fill | 13b, 29 duplicator, scanner 30c, 30e, 32f, 32n, 33a, 33b, 34b, 35c-501b |
| | these requests on a timely basis. Be familiar with the different forms used by the Department, keep a looseleaf record of numbered county welfare department forms, keep masters in folders to be re-used as needed. Keep equipment clean and make | |
| | minor adjustments. Orders State forms. Maintains State forms Log and Directory. | |
| 10% | File closed case recrods and materials into closed case files. Assist in purging records and preparing same for destruction. | 13a, 13b, 30c, 32e, 33a |
| 5% | Perform receptionist functions directing and assisting clients in obtaining requested services. | 11b, 13b, 30d, 32e, 34d |
| | | |
| | | PLAINTIFF'S EXHIBITS 3-11 |
| | | |

List Position Numbers and Class Titles of positions supervised. If more than eight, list totals only.

SIGNATURE OF AGENCY REPRESENTATIVE: [signature] DATE: 1-19-79

RECEIVED 7/14/89

# POSITION DESCRIPTION

OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES

PERSONNEL DIVISION

AGENCY: Butler Co. Dept. of Human Services

DIVISION OR INSTITUTION:

UNIT OR OFFICE: Communications

*Do not write in shaded area*

POSITION CONTROL NUMBER: 11309.0

CLASS TITLE: Office Machine Oper 2

12422

☐ State Agency ☒ County Agency ☐ New Position ☒ Change

COUNTY OF EMPLOYMENT: Butler

USUAL WORKING TITLE OF POSITION: Office Machine Operator 2

POSITION NO. AND TITLE OF IMMEDIATE SUPERVISOR: 11300.0 Office Manager 1

NORMAL WORKING HOURS (Explain unusual or rotating shift.) FROM: TO: 8 hours varied

JOB DESCRIPTION AND WORKER CHARACTERISTICS

| % | Job Duties in order of importance | Minimum Acceptable Characteristics |
|---|---|---|
| 80 | Handle most of the Department's printing needs, reproducing both forms and office memos and reports. This requires operating knowledge of the Roneo duplicating machine. Receive requests for printing needs from various units and fill these requests on a timely basis. Be familiar with the different forms used by the Department, keep a looseleaf record of numbered county welfare department forms, keep masters in folders to be re-used as needed. Keep equipment clean and make minor adjustments. Orders State forms. Maintains State forms Log and Directory. | 13b,29 duplicator,30c scanner, 30e,32f,32n,33a,33b,34b,35c, 501b |
| 5 | File closed case records and materials into closed case files. Assist in purging records and preparing same for destruction. | 13a,13b,30c,32e,33a |
| 5 | Perform receptionist functions directing and assisting clients in obtaining requested services. Relieving on switchboard when needed. | 11b,13b,30d,32e,34d |
| 10 | Assures copy machines are properly stocked with supplies. Contacts copier repairmen when needed. Assures rotation of copiers and maintains copy count. Performs minor mechanical adjustments when required. (Loading paper, removing jams, replacing toner, etc.) | |

PLAINTIFF'S EXHIBITS 1

3-12

List Position Numbers and Class Titles of positions supervised. If more than eight, list totals only.

SIGNATURE OF AGENCY REPRESENTATIVE: Dianne Logsdon

DATE: 7/5/89

RECEIVED 10-27-89

# POSITION DESCRIPTION

OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES

PERSONNEL DIVISION

AGENCY: Butler County Human Services

DIVISION OR INSTITUTION:

UNIT OR OFFICE: Communications

*Do not write in shaded area*

POSITION CONTROL NUMBER: 11302.0

CLASS TITLE: Office Machine Operator

CLASS NO.: 12422

[ ] State Agency [XX] County Agency [ ] New Position [X] Change

COUNTY OF EMPLOYMENT: Butler

USUAL WORKING TITLE OF POSITION: Office Machine Operator

POSITION NO. AND TITLE OF IMMEDIATE SUPERVISOR: 11300.0 Office Manager 1

NORMAL WORKING HOURS (Explain unusual or rotating shift.) FROM: TO: 8 hrs. varied

JOB DESCRIPTION AND WORKER CHARACTERISTICS

| % | Job Duties in order of importance | Minimum Acceptable Characteristics |
|---|---|---|
| 80 | Handle most of the Department's printing needs, reproducing both forms and office memos and reports. This requires operating knowledge of the Roneo duplicating machine. Receive requests for printing needs from various units and fill these requests on a timely basis. Be familiar with the different forms used by the Department, keep a loose leaf record of numbered County Human Services Department forms, keep masters in folders to be re-used as needed. Keep equipment clean and make minor adjustments. Orders State forms. Maintains State forms Log and Directory. | 13b,29 deplicator, 30c, scanne 30e,32f,32n,33a,33b,34b,35c, 501b |
| 10 | Relieving on switchboard as needed. Assist IM Aide in large conference room with screening of client forms. Copy client verifications as needed. | 11b,13b,30d,32e,34d |
| 5 | File closed case records and materials into closed case files. Assist in purging records and preparing same for destruction. | 13a,13b,30c,32e,33a |
| (5) | Assures copy machines are properly stocked with supplies. Contacts copier repairmen when needed. Assures rotation of copiers and maintains copy count. Performs minor mechanical adjustments when required. (Loading paper, removing jams, replacing toner, etc.) | 11b,13b,30d,32e,34d |

PLAINTIFF'S EXHIBITS 3-13

List Position Numbers and Class Titles of positions supervised. If more than eight, list totals only.

SIGNATURE OF AGENCY REPRESENTATIVE: [signature] DATE: 10/26/89

# POSITION DESCRIPTION

OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES

PERSONNEL DIVISION

AGENCY: Butler County Human Services

DIVISION OR INSTITUTION:

UNIT OR OFFICE: Communications

*Do not write in shaded area*

POSITION CONTROL NUMBER: 11302.0

CLASS TITLE: Office Machine Oper. 2 (handwritten: 12422 — 3-19-90)

CLASS NUMBER: 12422

[ ] State Agency [X] County Agency [ ] New Position [X] Change

COUNTY OF EMPLOYMENT: Butler

USUAL WORKING TITLE OF POSITION: Office Machine Operator

POSITION NO. AND TITLE OF IMMEDIATE SUPERVISOR: 11300.0 Office Manager 1

NORMAL WORKING HOURS (Explain unusual or rotating shift.) FROM: TO: 8 hrs. varied

JOB DESCRIPTION AND WORKER CHARACTERISTICS

| % | Job Duties in order of Importance | Minimum Acceptable Characteristics |
|---|---|---|
| 45 | Handle most of the Department's printing needs, reproducing both forms and office memos and reports. This requires operating knowledge of the Roneo duplicating machine. Receive requests for printing needs from various units and fill these requests on a timely basis. Be familiar with the different forms used by the Department, keep a loose leaf record of numbered County Human Services Department forms, keep masters in folders to be re-used as needed. Keep equipment clean and make minor adjustments. Orders State forms, Ribbons & paper for CRIS-E printers. Maintains State forms Log and Directory. Distributes forms printed by vendors, maintains inventory, advises supervisor when these forms need to be replenished. | 13b,20 deplicator, 30c, scanner, 30e,32f,32n, 33a,33b,34b,35c,501b |
| 32 | Relieving on switchboard as needed. Answer all incoming calls on 8 lines with 276 destinations. Transfers all incoming calls to destination. If line is busy, asks caller if they will hold or call back. Monitor rings and come back line if call is not answered promptly. Transfer calls to information center when caller wishes to know name of caseworker. Answers all calls in a professional manner, treat callers with courtesy and dispatch calls promptly. | |
| 12 | Assist IM Aide in large conference room with copying client verifications as needed. | |
| 6 | Assures copy machines are properly stocked with supplies. Contacts copier repairmen when needed. Assures rotation of copiers and maintains copy count. Performs minor mechanical adjustments when required. (Loading paper, removing jams, replacing toner, etc.) Loading paper and changing ribbon on CRIS-E printers. | 11b,13b,30d,32e,34d |
| 5 | Perform other related duties as assigned by unit supervisor. | |

PLAINTIFF'S EXHIBITS 3-14

List Position Numbers and Class Titles of positions supervised. If more than eight, list totals only.

SIGNATURE OF AGENCY REPRESENTATIVE: Dianne Logsdon (signature)

DATE: 3-19-90

# POSITION DESCRIPTION

OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES

PERSONNEL DIVISION

AGENCY: Butler County Human Services

DIVISION OR INSTITUTION:

UNIT OR OFFICE: Communications

*Do not write in shaded area*

POSITION CONTROL NUMBER: 11101.0

☐ State Agency ☒ County Agency ☐ New Position ☒ Change

COUNTY OF EMPLOYMENT: Butler

USUAL WORKING TITLE OF POSITION: Office Machine Operator

POSITION NO. AND TITLE OF IMMEDIATE SUPERVISOR: 11100.0 Soc Prog Admin 1

NORMAL WORKING HOURS (Explain unusual or rotating shift.) FROM: TO: 8 hrs. varied

JOB DESCRIPTION AND WORKER CHARACTERISTICS

| % | Job Duties in order of Importance | Minimum Acceptable Characteristics |
|---|---|---|
| 40 | Handles most of the Department's printing needs, reproducing both forms and office memos and reports. This requires operating knowledge of the Roneo duplicating machine. Receives request for printing needs from various units and fills these requests on a timely basis. Be familiar with the different forms used by the Department, keeping a loose-leaf record of numbered BCDHS forms, and masters. Keeps equipment clean and makes minor adjustments. Order State printed forms. Maintains State forms log and Directory. | 13b, 29 duplicator, 30 c, 32f, 32n, 33a, 33b, 34b, 35c - 501b |
| 55 | Have responsibility for the agency's supply room; maintain a perpetual inventory of all office supply items showing quantities in , quantities out, and balance on hand. Check in all orders comparing the packing slip with the invoice to verify proper order and amount received. Note any discrepancies and/or back orders. Receive requests for supply items from unit supervisors and fill said requests from stockroom inventory or send requisition to the County supplies as required. If item is not included in the supplies catalog, forward request to the administrator who has procurement responsibilities. | 3, 13a, 30f, 30c, 31c, 32f, 32i, 32j, 33b, 34c, 35c - 501b |
| 5 | Perform other duties as assigned by administrator. | 13b, 30d, 31b, 32f, 32i, 33b |

CLASS TITLE: Office Machine Opr. 2 (handwritten)

CLASS NUMBER: 12422

PLAINTIFF'S EXHIBITS 3-15

List Position Numbers and Class Titles of positions supervised. If more than eight, list totals only.

SIGNATURE OF AGENCY REPRESENTATIVE: Dianne Logsdon (signature) DATE: 7-6-90

# POSITION DESCRIPTION

OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES
**PERSONNEL DIVISION**

| | |
|---|---|
| Agency | Butler County Job & Family Services |
| Division or Institution | Administration |
| Unit or Office | |

☐ State Agency ☒ County Agency ☐ New Position ☒ Change | County of Employment: Butler

| | | | |
|---|---|---|---|
| Usual Working Title of Position | Office Machine Operator | Position No. and Title of Immediate Super. | 12100.0 Office Manager |
| Normal Working Hours FROM: | TO: | (Explain Unusual or Rotating Shift) | 8 hrs. varied |
| Class Number | 12422 | Class Title | Office Machine Operator<br>Office Machine Operator 2 |
| Position Control Number | 12106.0 | | |

## JOB DESCRIPTION AND WORKER CHARACTERISTICS

| % | Job Duties in Order of Importance | Minimum Acceptable Characteristics |
|---|---|---|
| 70% | Handles most of the Department's printing needs, reproducing both forms and office memos and reports. This requires operating knowledge of the Roneo duplicating machine. Receives request for printing needs from various units and fills these requests on a timely basis. Be familiar with the different forms used by the Department, keeping a loose-leaf record of numbered BCDJFS forms, and masters. Keeps equipment clean and makes minor adjustments. Order State printed forms. Maintains State forms log and Directory. | Knowledge of (13b) Agency Policies & Procedures, (29) duplicator; Ability to (30c) carry out detailed but basic written or oral instructions, (32f) comprehend short sentences with basic, concrete vocabulary, (32n) screen mail, (33a) arrange items in numerical or alphabetical order, (33b) sort items into categories according to established methods, (34b) work alone on most tasks, (35c) strength to lift up to 50 lbs. |
| 20% | Have responsibility for Middletown supply room; maintain a perpetual inventory of all office supply items showing quantities in, quantities out, and balance on hand. Check in all orders comparing the packing slip with the invoice to verify proper order and amount received. Note any discrepancies and/or back orders. Receive requests for supply items from unit supervisors and fill said requests from stockroom inventory or send requisition to the County supplies as required. If item is not included in the supplies catalog, forward request to the administrator who has procurement responsibilities. Have responsibility for Hamilton janitorial supplies. | Knowledge of (3) Inventory Control, (13a) Office Practices & Procedures; Ability to (30c), (30f) deal with problems involving several variables in familiar context, (31c) comprehend & record figures accurately, (32f), (32i) comprehend simple sentences with common vocabulary, (32j) copy material accurately & recognize grammatical & spelling errors, (33b), (34c) cooperate with co-workers on group projects, (35c) strength to lift up to 50 lbs. |
| 10% | Perform other duties as assigned by administrator. | Knowledge of (13b); Ability to (30d) deal with problems involving few variables in familiar context, (31b) read & record figures accurately, (32f), (32i), (33b). |

PLAINTIFF'S EXHIBITS
3-16

26FEB'01 7:02

List Position Numbers and Class Titles of positions directly supervised.

| SIGNATURE OF AGENCY REPRESENTATIVE | DATE |
|---|---|
| [signature] | 2-22-2001 |

# Butler County Department of Human Services

DEPARTMENTAL CORRESPONDENCE

BCDHS-211

DATE 6-11-90

SUBJECT Annual Evaluation

TO Dianne Logsdon FROM Brenda King

I am requesting a meeting to discuss Employee performance evaluation.

Informal meeting was held on 6-8-90 with Linda Duff and Lynn Mitchell.

PLAINTIFF'S EXHIBITS

3-25

To: Dianne Logsdon
From: Brenda King
Subject: Rebuttal letter to Employee performance evaluation
Received: Tuesday, June 5th, 1990 at 3:45 p.m.

I feel that my evaluation is an unjusted evaluation, and a means of retaliation against me for not coming forth to speak against Dianne Cameron, when Linda Duff asked me to. For three months, (after L.D. arrived) Linda Duff and I had became very close. I had told her my deepest feeling about making the mail-room the best it could be. My past evaluation of 11/22/88 and 5/16/89 (which Linda Duff concur with Jack Dudash comment) proves that my desires were real and my dreams were coming true. I had reorganized the printing room function into a more efficient and productive work area. My self-esteem + confident was reaching new height, because my drive was coming from my heart & soul. Now my heart is pierced and my self esteem has dropped. One of the reason is because when I complaint to the administrator about Linda Duff, the administrator let Linda Duff turn the complaints back around on me. Linda Duff said that I was rude to her when I made a suggestion on the requisition forms. Linda Duff witnesses wasn't even aware of the incident. But when I complainted to you about Linda Duff and I had witnesses, nothing

PLAINTIFF'S EXHIBITS

3-26

was done about the incident. You, Mrs. Logsdon told me that disciplinary was taken against Linda Duff (So she did make a mistake since becoming Supervisor of communication unit.)

I feel that Linda Duff is very cruel and a vindictive person. The only time she's nice, is when she wants something from you. In my case, was speaking against D. Cameron. I am doing my job to the best of my ability with the pressure, she has placed upon me. She keeps me under a lots of stress. I have been in your office on a numbers of occasions. Linda Duff has told me that the telephones were bugged, and that you all have talked about D. Cameron, not doing her job on the switchboard for years. So, if you discussed D. Cameron, how do you think I feel, you feel about me?

#5 Demonstrates willingness to accept responsibility.

(A) I haven't refused to do anything that was asked of me. If I would refuse or argue with Linda Duff, I would have received a verbal warning or a written warning more than once.

(B) Linda Duff said I argue with her on six other occasions when no one was around. (1) make up a form (2) close file (3) intake copies "up front" (4) switchboard (5) Shredder (6) copie count.

PLAINTIFF'S EXHIBITS

3-27

1. Making up a new form. - When asked to make form, I told Linda that I never made a new form up before, because the caseaides in each unit always made up their own form. The only thing I've done was changed the telephone number when needed.
2. Close file. - On Friday Nov. 3, 1989, Linda Duff & Randy Chafin asked me, would I help file in I.M. area. I told them that I was falling behind in my work. On Monday Nov 6th, I did copies for intake from 7:10 to 9:40 AM. Linda Duff then told me to work in close file, for the remainder of the day - except to releiv on switch-board, per Roy Kadle. Linda, Tammy, Mary and Frankie was working in front area. Lisa was working in I.M files. I asked Linda "What about my work?" I didn't get a reply. Linda went back to front area. What was the purpose of asking me, if they were going to tell me to go to close file?
3. Intake copies up front - On 11-3-89; 1st day; small volume, I did intake copies from 7:15-8:25 AM. Mary Walters assist me the first day. The second day, Monday, Nov. 6th 1989, I was doing a large volume of intake copies from 7:10 to 9:40 AM. I only ask Linda, if I could have some help, so I can get to mailroom. Linda replied "It's your job, do it!" then go to close for the remainder of the day. I asked Linda about my job in mailroom, Linda said that I was arguing about close file.

PLAINTIFF'S EXHIBITS

3-28

5. Shredder - When we first recewed shredder, Linda Duff had Judy Coleman (summer help) shredding paper from 8:30 AM to 12:00 oclock noon. At 1:00 I was in the mailroom eating lunch, when Linda came into mailroom and start shredding paper. White particles was flying everywhere, it was getting into my food. I told Linda that the white stuff was everywhere, even in my food. Linda continue to shred the papers. I picked my food up and went into breakroom for the remainder of my lunch period. Linda knew I eat lunch in mailroom everyday at 1:00, she was also aware of the white particles floating in the air. Judy Coleman's hair was covered with white film. She looked like an old gray-haired lady. That night Judy washed her hair, and still had white particles in her hair. The next day, I told Linda about Judy hair, because Linda told me that I will be doing the shredding. Linda told me, whether I like it or not, I was going to do the shredding. On 11-15-89, I talked to Roy Kadle about the incident. I asked him could BCDHS order some plastic caps to protect my hair. I also talked to him about close file, and that I was falling behind in my work. Roy asked me did I refuse to work in close file or the shredder. I told him I did not. I tried to talk to Linda first, because I thought a women would understand more about the situation. 3:30 p.m Linda came in mailroom and told me that I had went over her head and she didn't like it.

PLAINTIFF'S EXHIBITS 3-29

Switchboard - Linda Duff, at one time had me relewing Carol Lilibridge 3 time per day, pluss a extra break in morning and afternoon. I mentioned it to Linda that I have to take my own break & I'm back on switchboard again. For a while, Linda start breaking Carol in between reg break. Now, I'm presenting relewing Carol four times a day. Copies Count, when Linda approached me about the copy count, I didn't understand exactly what she wanted me to do, because I usually take a regular reading from the copier. Linda wanted me to calculate wihch copier used the most paper. Personal telephone call - I do used the telephone on lunch hours and break time. I may recevied a personal call, but I make the call short & brief. I have asked my party to call me during lunch or break time to continue the conversation. Jim Jeffery has Knowledge of this. Because I feel that the phones may be bugged, I'm not going to abuse the telephone system. On two occasion, Linda Duff may have abuse the telephone system. On 10-30-89 from 12:13 - 12:39, I tried to tranfer client to information and the line stayed busy. I called Frankie Luther to see if something was wrong with the phone system. She told me that Linda Duff was on the phone, it was a personal call.

PLAINTIFF'S EXHIBITS

3-30

On 10-31-89 at 2:35 p.m, Linda made a personal call on ext. 4185. She was on the phone until 2:59 talking about her dogs. Carol Wagers came in 3 different time as Kay was waiting to see Linda on a matter. If the telephone are bugged, evidentes will only shows that I am telling the truth!

- Making copies for intake. Linda Duff states that it takes me approximately 1½ hours or more to copy verifications for intake, while others who do the job in my absence can complete the work in appox. 1 hour or less. The times varies day to day on whats need to be copy. I have no control over the amount of verifications that the client bring in. Also Frankie + Darlene (Mary) use the copier for montly repating + other verification. Linda Duff told me when the front desk needs to make copies, their copies take priorities over mines. Frankie has been copying the verification in my absence, she told me that she usually get done between 9-10 oclock. I also tried to use the intake copier + I still have to wait.

#13 Quantity of work. Because there was large amount of paper being wasted, due to forms changing frequently, I told Linda that I would only print forms as I received orders, unless I know the form will stay the same. Also with other duties, it is difficult to print, if I'm doing something else.

PLAINTIFF'S EXHIBITS

3-31

Furthermore, if the copier can print 150 copies per minutes, the copier must have an operator. The machine must be clean, + loaded. I do more than print forms. Since I have been in the mailroom, I have made some improvement in my area I have had departments rave about how fast they have received these forms, and that in the past, they were lucky to even get their forms. I feel that I deserve a better rating, because I worked for it!, I deserved it! I put in my eight hours in everyday. You better believe that Linda and Randy have been watching my every move and that they haven't seen me messing around, or I would have been wrote up. The abuse that I have taken from Linda Duff is not fair. It seem like the good people who's willing to work, gets walked on, and the lazy people get away with everything.

Why offer me another position under M. Bush, if you didn't feel I could do the job? Why wasn't the job posted + why did you want me to keep it a secret? Why asked me to start over with Linda Duff, if I am the only one starting over?

PLAINTIFF'S EXHIBITS

3-32

I feel this is an act of retaliation, as well as, discrimination. Linda Duff feel that I have went over her head, when I talked to Roy Radle about the shredder, and about the other added responsibilities. Not to mention, coming forth on Dianne Cameron, and break-room incident. I will continue to do what ever possible to make the mail-room a more productive area. I will continue to do my job. But, how can you give me an unsatisfactory rating, when during this rating period, my job description has changed four time under this evaluation period.

On Friday May 8, 1990 Linda Duff told me that she have seen some improvement. I haven't changed. I have been doing the same job, I've always done. I have been putting forth a good effort in what I do. If I'm not doing my job, how is the work getting done? Why keep adding more responsibilities to me?

I don't understand Linda's expectation of me to be. I can only be myself and I feel she expect for me to be someone else. Also I feel she's trying to make me have more than a working relationship with her. I keep our conversation on a work level only.

PLAINTIFF'S EXHIBITS

Otherwise, I don't have anything to say to Linda and she doesn't like that.

I haven't had any other problems, with any other supervisor but Linda Duff. My past evaluations speak for themselves.

Sincerely

Brenda King

PLAINTIFF'S EXHIBITS

3-34