UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRENDA K. HURSTON,                           Case No. 1:01-cv-313

      Plaintiff,                              Magistrate Judge Timothy S. Black

vs.

BUTLER COUNTY DEPARTMENT OF
JOBS AND FAMILY SERVICES,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This employment discrimination case is before the Court on a motion for summary judgment by defendant, Butler County Department of Jobs and Family Services (Doc. 138), plaintiff's memorandum in opposition to the motion (Doc. 143), and defendant's reply (Doc. 147). Defendant also seeks an order striking the exhibits offered in support of plaintiff's memorandum in opposition. (*See* Docs. 146, 150.) The parties have consented to entry of final judgment by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 97.)

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Brenda K. Hurston initiated this action on May 21, 2001, by filing a pro se complaint against defendant, her former employer, seeking redress for discrimination based on race, disability, and retaliation. (Doc. 2.) She had previously filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and had received a

notice of right to sue on February 17, 2001.  (*See id.* at ¶ 11.)

In the complaint, plaintiff alleges that she had been treated differently because of her race, African-American, and disability, and because she had made complaints about discriminatory treatment.  (*See id*. at ¶ 9).  She states that she was not allowed to perform her job, that she was not given an accommodation but was given more physically demanding work, and that she was denied the higher pay due her for performing the different job.  (*See id.*)  Additionally, she alleges that her employer retaliated against her because she gave testimony on behalf of another co-worker.  (*Id.*)  She identifies four individuals as persons responsible for the alleged discriminatory treatment:  Linda Day, June Hom, Sherry Compton, and Bob Bullock.  (*Id.* at ¶ 7.)

On December 12, 2001, Magistrate Judge Jack Sherman, Jr. entered an order clarifying that the four individuals were not named as defendants in the complaint and terminating them as parties in this case.  (Doc. 24).  Judge Sherman also issued a Report and Recommendation that motions to dismiss and for partial judgment on behalf of the individuals be dismissed for lack of standing.  (*Id.*)  The Report and Recommendation  was adopted on January 28, 2002.  (Doc. 27).

In May 2004, the parties consented to final disposition by a United States Magistrate Judge, and the case was reassigned to the undersigned magistrate judge.  (*See* Doc. 97.)

On February 1, 2005, defendant filed the instant motion for summary judgment on the grounds that there are no genuine issues of material fact and that defendant is entitled

to judgment as a matter of law.  The matter is ripe for review.

## II.  STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment is proper if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party has the burden of showing the absence of genuine disputes over facts which, under the governing substantive law, might affect the outcome of the action.  *Anderson*, 477 U.S. at 248.  All facts and inferences must be construed in a light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In response to a properly supported motion, the nonmoving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.  *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989); *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Conclusory allegations are not sufficient to defeat a properly supported summary judgment motion.  *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990) (citing *Patterson v. General Motors Corp.*, 631 F.2d 476, 482 (7th Cir. 1980), *cert. denied*, 451 U.S. 914  (1981)).

The Court's function is not to weigh the evidence and determine the truth of the matters asserted but to determine if there is a genuine issue of material fact for trial.

*Anderson,* 477 U.S. at 249. The Court is not duty bound to search the entire record in an effort to establish a lack of genuinely disputed material facts. *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 404 (6th Cir. 1992); *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied sub nom. Superior Roll Forming Co. v. Interroyal Corp.,* 494 U.S. 1091 (1990). Rather, the burden is on the nonmoving party "to present affirmative evidence to defeat a properly supported motion for summary judgment," *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute. *Anderson,* 477 U.S. at 250; *Guarino,* 980 F.2d at 404-05.

## III.  ANALYSIS

### A.    Retaliation

Defendant maintains first that it is entitled to judgment as matter of law with respect to plaintiff's claim of retaliation in violation of Title VII because plaintiff did not check off the box labeled "retaliation" when she filed her EEOC complaint. (*See* Doc. 138, Def.'s Ex. A.) Defendant further maintains that it is entitled to judgment as a matter of law with respect to plaintiff's claim of retaliation in violation of state law, Ohio Rev. Code Ann. § 4112.02, because she did not present the claim to the Ohio Civil Rights Commission ("OCRC") as required. *See* Ohio Rev. Code Ann. § 4112.05.

"[T]he general rule in this circuit . . . is that the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Weigel v. Baptist Hosp. of E. Tenn.,* 302 F.3d 367, 380 (6th Cir. 2002).

Contrary to defendant's assertion, plaintiff's failure to check the appropriate box on the EEOC complaint does not automatically merit the dismissal of the claim. *See Ang v. Procter & Gamble Co.*, 932 F.2d 540, 546-47 (6th Cir. 1991). Rather the Court may examine the facts set forth in her EEOC charge, or in her affidavit accompanying the charge (*see* Doc. 143, Pl.'s Ex. 100-2), to determine whether the EEOC would have reasonably been placed on notice that it had a duty to investigate an allegation of retaliation. *See Weigel,* 302 F.3d at 380.

Plaintiff admits that she did not check the box marked "retaliation." (Deposition of Brenda K. Hurston ("Hurston Dep.") at 94.) However, she "highlighted" the section marked "retaliation" on the EEOC Pre-charge Instructions and Checklist. (*See* Doc. 143, Pl.'s Ex. 100-1). Moreover, a review of her affidavit reveals a reference, albeit a single one, to retaliatory activity. (*See id.* at Pl.'s Ex. 100-2 to 100-5).

The Court is not persuaded that simple highlight marks on the Pre-charge Instructions and Checklist alone are sufficient to have put the EEOC on notice to investigate a charge of retaliation. Moreover, the single allegation of retaliation found in the affidavit differs from the allegation presented in the complaint. The former alleges that plaintiff's supervisor, Linda Day, gave her an unfair evaluation in June 2000 in retaliation for complaining in February 1999 that Day used "cuss words" in her presence, which plaintiff found offensive in light of her religion. (*See id.* at Pl.'s Ex. 100-2). The complaint, on the other hand, alleges discriminatory treatment between July 13, 2000 and October 18, 2000 in retaliation for plaintiff's refusal to testify against a co-worker. (*See*

Doc. 2 at ¶¶ 8, 9).

Additionally, although plaintiff alleges that she filed charges with the State of Ohio

Employment Relations Board – case numbers 01-ULP-01-0006, 01-ULP-01-00007, 01-

ULP-03-0150, and 01-ULP-03-0151 (*see* doc. 143 at 7) – thereby exhausting her state

remedies, she did not indicate where supporting documents might be found in the record

(if they indeed are a part of the record).  Accordingly, the Court is unable to discern

whether plaintiff has in fact exhausted her state-based claim of retaliation.

Nonetheless, notwithstanding these deficiencies, it appears that plaintiff arguably

"put the EEOC on notice to investigate a charge of retaliation."  *Weigel*, 302 F.3d at 380.

Thus, assuming arguendo that the state claims are exhausted, the Court will address the

retaliation claims on the merits.  Federal case law interpreting Title VII claims is generally

applicable to cases alleging violations of Ohio Rev. Code Ann. ch. 4112.  *See*

*Plumbers & Steamfitters Comm. v. Ohio Civil Rights Comm'n,* 66 Ohio St. 2d 192, 196,

421 N.E.2d 128 (1981).

To survive summary judgment on a claim of retaliation, plaintiff must present

sufficient evidence to show: (1) that she engaged in activity protected by Title VII; (2) that

her exercise of such protected activity was known by defendant; (3) that, thereafter,

defendant took an employment action adverse to plaintiff; and (4) that there was a causal

connection between the protected activity and the adverse employment action.  *See*

*DiCarlo v. Potter,* 358 F.3d 408, 420 (6th Cir. 2004) (citations omitted).

Defendant does not argue that plaintiff had not engaged in protected activity.

-6-

Defendant argues that plaintiff cannot make a prima facie showing of retaliation because she has not presented evidence that she suffered an adverse action.

To meet the requirement of an adverse employment action, plaintiff must show a "materially adverse change in the terms of . . . employment, [such as] termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly diminished material responsibilities." *Kocsis v. Multi-Care Mgmt., Inc.,* 97 F.3d 876, 885-86 (6th Cir. 1996) (internal quotation marks and citations omitted); *see also Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir. 1999). The change in employment conditions "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Kocsis,* 97 F.3d at 886. The Sixth Circuit has consistently held that de minimis employment actions are not materially adverse and, thus, not actionable. *Bowman v. Shawnee State Univ.,* 220 F.3d 456, 462 (6th Cir. 2000). Simply because an employee is made unhappy by an action does not mean that she has identified an adverse employment action. *See Primes v. Reno*, 190 F.3d 765, 767 (6th Cir. 1999).

The Sixth Circuit has noted that a negative performance evaluation is not an actionable adverse action as required to support a claim of retaliation. *See Primes,* 190 F.3d at 766 (citing *Sweeney v. West*, 149 F.3d 550, 557 (7th Cir. 1998)). Moreover, "reassignments without salary or work hour changes do not ordinarily constitute adverse employment decisions in employment discrimination claims." *Kocsis*, 97 F.3d at 885. Reassignments may be considered adverse only if they function as a demotion, evidenced

-7-

by "a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Id.* at 886.

In opposition to the motion for summary judgment, plaintiff points to evidence illustrative of actions taken against her. (*See* Doc. 143 at 4-5.) She states that her job description changed five times between January 1989 and July 1990, increasing her workload and changing her work guidelines. (*See* Pl.'s Exs. 3-11 to 3-15). She alleges that in April 1990 her request to wear comfortable shoes (in lieu of heeled dress shoes) was denied, and that she was accused of falsifying the doctor's statement on which her request was based. (*See* Doc. 143 at 4-5.) Finally, she states that on June 5, 1990, she received an unfair unsatisfactory performance evaluation. (*See id.* at 5; *see also* Doc. 143, Pl. Ex. 3-45.)

In light of established Sixth Circuit law, the Court finds that plaintiff has failed to present evidence of an adverse action sufficient to establish her claim of retaliation. She has not shown that the changing job descriptions or the poor evaluation resulted in diminished material responsibilities or a loss of pay or benefits. *See Primes*, 190 F.3d at 767; *Kocsis*, 97 F.3d at 886. The falsification charge, moreover, did not result in any disciplinary action; instead, her shoe request was granted beginning May 8, 1990. (*See* Doc. 143, at 5.)

Even if plaintiff were to establish that the changing job descriptions, the poor evaluation, and the accusation of falsification are "adverse," her claim fails because she has not shown any causal connection between them and her alleged refusal in February

1989 to testify against a co-worker.  The evidence is not "sufficient to raise the inference that her protected activity was the likely reason for the adverse action[s]." *Equal Employment Opportunity Comm'n v. Avery Dennison Corp.,* 104 F.3d 858, 861 (6th Cir. 1997) (quoting *Zanders v. National R.R. Passenger Corp.,* 898 F.2d 1127, 1135 (6th Cir. 1990) ("A causal link requires the plaintiff to proffer evidence 'sufficient to raise the inference that her protected activity was the likely reason for the adverse action.'")(citations omitted)).

Defendant is entitled to summary judgment with respect to plaintiff's federal and state-based retaliation claims.

### B.    Race Discrimination

Defendant next contends that it is entitled to summary judgment on plaintiff's claim of racial discrimination on the grounds that plaintiff cannot make a prima facie showing of discrimination based on disparate treatment or hostile environment.

Discrimination based on disparate treatment occurs "when an employer treats some employees less favorably than others because of race, religion, sex, or the like." *See Huguley v. General Motors Corp.,* 52 F.3d 1364, 1370 (6th Cir. 1995) (citing *International Bhd. of Teamsters v. United States,* 431 U.S. 324, 335-36 n.15 (1977)).  A discrimination claim based on disparate treatment requires proof of discriminatory motive. *Huguley,* 52 F.3d at 1370.

To prevail on her claim, plaintiff bears the initial burden of establishing a prima facie case of discrimination by a preponderance of the evidence.  *See McDonnell Douglas*

*Corp. v. Green,* 411 U.S. 792, 802 (1973); *Simon v. City of Youngstown,* 73 F.3d 68, 70 (6th Cir. 1996). In the absence of direct evidence of discrimination, plaintiff must demonstrate: (1) that she was in a protected class; (2) that she was qualified for the job that she held during the time in question; (3) that she suffered an adverse employment action; and (4) that she was treated differently than similarly-situated individuals who were not members of her protected class. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252-53 (1981); *McDonnell Douglas Corp.*, 411 U.S. at 802-03.

If plaintiff makes a prima facie showing, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for the action taken. *See Burdine*, 450 U.S. at 253. If defendant is able to meet this burden, plaintiff is then required to prove by a preponderance of the evidence that the legitimate reasons offered by defendant were a pretext for discrimination. *Id.* The ultimate burden of persuading the trier of fact that defendant intentionally discriminated against plaintiff remains at all times with plaintiff. *See id.*

For purposes of evaluating employment discrimination claims, "similarly situated" employees are defined as employees who "have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992).

In the complaint, plaintiff alleges that her employer "treated her differently"; that it

-10-

"did not allow [her] to continue ordering supplies for both the Middletown and Hamilton offices"; that she was given more physical work; and that her position – and not other positions in the division – was reviewed.  (Doc. 2 at ¶ 9.)  In support of her EEOC charge, plaintiff alleged that, beginning on July 13, 2000, some of the duties she was able to perform were given to a white employee (without disabilities); that she was given a verbal reprimand for being late; that she was given a written warning for insubordination; and that she was required to keep a daily log of her work activities.   (*See* Doc. 147, Def.'s Ex. A; *see also* Doc. 150, Pl.'s Ex. 27.)  In opposition to the motion for summary judgment, plaintiff referred only to the three previously addressed alleged retaliatory actions.  (*See* Doc. 143.)

Plaintiff cannot make a prima facie showing of racial discrimination based on the transfer of certain duties because, as previously noted, a reassignment, absent evidence that the reassignment functioned as a demotion, is not an actionable adverse action.  *See Kocsis*, 97 F.3d at 886.  Here, plaintiff has failed to present any evidence that the reassignment resulted in  "a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to [her] particular situation."  *See id.* at 886.

Plaintiff cannot make a prima facie showing of discrimination as a result of the verbal reprimand for being late because a verbal warning does not constitute an adverse action. *See Mylett v. City of Corpus Christi,* 97 Fed. Appx. 473, 475 (5th Cir. 2004) (citing *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998) *cert. denied*, 526 U.S.

1065 (1999)).

Plaintiff cannot make a prima facie showing of discrimination based on the written warning for insubordination or the requirement to keep a daily log because she failed to identify any other employee not in her protected class (African- American) who was similarly situated. *See Burdine,* 450 U.S. at 252-53; *McDonnell Douglas Corp.*, 411 U.S. at  802-0; *see also Mitchell*, 964 F.2d at 583.

Plaintiff also has failed to present evidence of discriminatory treatment sufficient to establish a hostile work environment.

An employee asserting a hostile work environment claim based on race must establish:  (1) that she was a member of a protected  group; (2) that she was subjected to unwelcome harassment; (3) that the harassment was based upon the employee's protected status; (4) the harassment affected a term, condition, or privilege of employment; and (5) that the defendant knew or should have known about the harassing conduct but failed to take any corrective or preventive actions.  *See Farmer v. Cleveland Public Power*, 295 F.3d 593, 604-05 (6th Cir. 2002) (citing *Moore v. KUKA Welding Sys. & Robot Corp.*, 171 F.3d 1073, 1078-79 (6th Cir. 1999)).

Actionable harassment exists if "the workplace is permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Farmer*, 295 F.3d at 605 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).  A racial hostile work environment claim is cognizable only if the purported harassment,

viewed in conjunction with all of the circumstances, occurred because of the employee's race. *See id.* (citing *Jackson v. Quanex Corp.*, 191 F.3d 647, 662 (6th Cir. 1999)).

Whether harassment is sufficiently severe or pervasive to create an abusive work environment is "quintessentially a question of fact." *Crawford v. Medina Gen. Hosp.,* 96 F.3d 830, 835-36 (6th Cir. 1996) (citation omitted).  Nonetheless, harassing conduct, even if severe, is not actionable absent significant, probative evidence that the alleged harassing acts were based upon plaintiff's status as a member of a protected class. *See Bowman,* 220 F.3d at 463-64.

In notes of an evaluation hearing conducted in 1990, which were submitted in support of plaintiff's claim to indicate her belief at that time that a supervisor, Linda Duff, was prejudiced against blacks (*see* Doc. 150, Pl.'s Ex. 3-56), plaintiff alleged only that Duff was rude, unforgiving and vindictive.  (*See id.*)  There is no evidence that Duff's actions were motivated by racial animus.  Plaintiff's bare allegations that two other African-American co-workers (Benny Goins and Sadie Williams) (*see* Doc. 150, Pl.'s Ex. 27) were subjected to harassment based on their race are also unsupported.

In March 2000, plaintiff submitted a complaint to personnel officers in the Butler County Department of Human Services alleging that her Unit Supervisor, Linda Duff, was disrespectful and rude and constantly creating a hostile working environment.  (*See* Doc. 150, Pl.'s Ex. 17-10 to 17-12).  There are no allegations in the complaint, however, to show that the alleged harassment was based on plaintiff's race.

Plaintiff has failed to present any significant, probative evidence to create a genuine

issue of material fact in support of her claim of racial harassment.

Defendant is entitled to summary judgment with respect to the racial discrimination claims.

### C.    Disability

Finally, defendant seeks summary judgment on plaintiff's claim of discrimination on the basis of disability.

In order to establish a prima facie case of disability discrimination, an employee must establish: (1) that she is an individual with a disability; (2) that she is otherwise qualified to perform the job requirements; and (3) that defendant either refused to make a reasonable accommodation for her disability or made an adverse employment decision regarding her solely because of her disability. *See Smith v. Ameritech*, 129 F.3d 857, 866 (6th Cir. 1997); *Gaines v. Runyon,* 107 F.3d 1171, 1175 (6th Cir. 1997).

An individual is considered to have a "disability" if either (1) she has an impairment that substantially limits one or more of her major life activities; (2) there is a record of such an impairment; or (3) she is regarded by her employer as having such an impairment. *See Moorer v. Baptist Mem'l Health Care Sys.*, 398 F.3d 469, 479 (6th Cir. 2005).  Major life activities include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *See id.* (citing 29 C.F.R. § 1630(i)).  Interpretative materials issued by the EEOC note that this list of major life activities is not exclusive, and add "sitting, standing, reaching and lifting" as examples of major life activities.  *See* 29 C.F.R. § 1630, App. § 1630.2(i); *Dunaway v. Ford Motor Co.*,

-14-

134 Fed. Appx. 872, 877 (6th Cir. 2005).

A disabled employee who claims that he or she is otherwise qualified with a reasonable accommodation "bears the initial burden of proposing an accommodation and showing that that accommodation is objectively reasonable." *Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 633-34 (6th Cir. 1998) (citation omitted).

In the affidavit submitted in support of her EEOC charge, plaintiff alleged disability caused by osteoarthrosis, tarsal coalition, exostosis and related foot problems that cause pain when she walks and stands. (*See* Doc. 143, Pl.'s Ex. 100-2 to -4.) She further alleged that on August 21, 2000, on the recommendation of her doctor, she requested two items to accommodate her disabilities: a lightweight "Eldon Utility Cart" and an "Adjustable Task Chair." (Doc. 143, Pl.'s Ex. 100-4.) She was provided with an adjustable chair on October 3, 2000 and with an Eldon cart on October 27, 2000. (*Id.*)

It is recognized that an unreasonable delay in providing an accommodation may support a claim of disability-based discrimination. *See Kaltenberger v. Ohio Coll. of Podiatric Med.*, 162 F.3d 432, 437 (6th Cir. 1998). In evaluating a delay, the court may consider the length of the delay, the reasons for the delay, whether the employer has offered any alternative accommodations while evaluating a particular request, and whether the employer has acted in good faith. *See Selenke v. Medical Imaging of Colorado*, 248 F.3d 1249, 1262-63 (10th Cir. 2001). For example, an employee cannot base a disability discrimination claim upon an employer's delay in providing a requested accommodation where the delay is due to internal processing or to events outside the employer's control.

-15-

*See Kaltenberger*, 162 F.3d at 437.

Even assuming that the alleged limitations on walking and standing were a disability at the time of plaintiff's accommodations requests, plaintiff's claim fails because she has failed to provide evidence that the delays were intentional, motivated by discriminatory intent, or were otherwise unreasonable. *See Hartsfield v. Miami-Dade County*, 90 F. Supp. 2d 1363, 1371-73 (S.D. Fla. 2000) (granting summary judgment to an employer where an employee receives some other accommodation or at least does not suffer adverse employment action while an accommodation is delayed), *aff'd*, 248 F.3d 1179 (11th Cir. 2001).

Plaintiff also alleged that she first made a verbal request for a cart in 1998. (*See* Doc. 143, Pl.'s Ex. 100-4.) At that time, she was provided a metal cart. (*See id.*) Her claim of discrimination fails because she has not shown that the provision of the metal cart was an unreasonable accommodation for her alleged disability in the activities of standing and walking.

In sum, plaintiff has not presented evidence to establish discrimination based on the failure to provide a reasonable accommodation. Defendant is entitled to judgment as a matter of law with respect to plaintiff's disability discrimination claim.

## IV. CONCLUSION

In opposing a summary judgment motion, the nonmoving party has the duty to "present affirmative evidence," *Anderson*, 477 U.S. at 257, and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*

*Indus. Co.*, 475 U.S. at 586. Specifically, she must make reference to affidavits, answers to interrogatories, deposition transcripts or admissions which "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(e).

Plaintiff has failed to do so. The evidence on which she relies is insufficient to create any genuine issues for trial.

**IT IS THEREFORE ORDERED THAT**:

1.    Defendant's motion to dismiss and for summary judgment (doc. 138) is

       **GRANTED**;

2.    Because the Court has granted defendant's motion for summary judgment as

       to all of plaintiff's claims, defendant's motion to strike (doc. 146) is

       **DENIED AS MOOT**; and

3.    As no further matters remain pending for this Court's review, this case is

       **CLOSED.**

       **IT IS SO ORDERED.**


Date:  9/30/05                              s/Timothy S. Black
                                            Timothy S. Black
                                            United States Magistrate Judge