**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 05-4399

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

06 JUL 13 PM 12:00

**FILED**
JUL 1 3 2006
LEONARD GREEN, Clerk

| | |
|---|---|
| BRENDA K. HURSTON, ) | |
| ) | |
| Plaintiff-Appellant, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR |
| BUTLER COUNTY DEPARTMENT OF ) | THE SOUTHERN DISTRICT OF |
| JOB & FAMILY SERVICES, ) | OHIO |
| ) | |
| Defendant-Appellee. ) | |

O R D E R

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 01-00313

Before: DAUGHTREY and COOK, Circuit Judges; COLLIER, Chief District Judge.*

Brenda K. Hurston, an Ohio resident proceeding pro se, appeals the dismissal of her civil rights action filed pursuant to 42 U.S.C. § 2000e (Title VII); the Americans with Disability Act (ADA), 42 U.S.C. § 12101-11; and Ohio Rev. Code Ann. § 4112.02. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In 2001, Hurston filed a complaint against her employer, the Butler County Department of Job and Family Services (Agency), alleging that she was discriminated against based on her race and foot disability and that she was retaliated against for complaining about the discrimination and for testifying as a witness in another employee's discrimination case. The Agency filed a motion for summary judgment, which was granted by the district court. By agreement of the parties, a

---

*The Honorable Curtis L. Collier, United States Chief District Judge for the Eastern District of Tennessee, sitting by designation.

magistrate judge decided their case. The magistrate judge determined that Hurston failed to establish a prima facie case of retaliation, race discrimination, hostile work environment or disability discrimination. Hurston now appeals.

Upon review, we affirm the district court's order. In ruling on a motion for summary judgment, the court must construe the evidence produced in the light most favorable to the non-moving party, drawing all justifiable inferences in his or her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A party may obtain summary judgment if the evidentiary material on file shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

First, Hurston argues that the district court erroneously dismissed her race discrimination claim. Specifically, Hurston alleges that she was discriminated against because a white employee was given some of her purchasing duties and, as a result, Hurston was given more physically demanding duties. Hurston's claim fails, in part, because she has not demonstrated that she was "replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside her protected class." *Logan v. Denny's, Inc.*, 259 F.3d 558, 566-67 (6th Cir. 2001) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Moreover, to the extent that Hurston argues that the Agency failed to promote her, this claim is time barred because Hurston alleges that additional duties were added to her position without a promotion over ten years ago. *See Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003). Finally, to the extent that Hurston argues that she was subjected to a hostile work environment, this claim fails because she failed to point to any evidence which shows that she was harassed or that the alleged harassment was conducted because of her race. *See Newman v. Fed. Express Corp.*, 266 F.3d 401, 405 (6th Cir. 2001).

Hurston also alleges that the Agency failed to accommodate her disability by not timely providing her with a plastic cart and a medically necessary chair or allowing her to wear doctor-prescribed shoes. In order for Hurston to prevail on an allegation of handicap discrimination based on failure to accommodate, she must first establish a prima facie case by showing, in part, that the

Agency was aware of her disability and failed to provide the necessary accommodations. *DiCarlo v. Potter*, 358 F.3d 408, 419 (6th Cir. 2004). Moreover, this court has indicated that "an employee cannot base a disability discrimination claim upon an employer's delay in providing a requested accommodation where the delay is due to internal processing or to events outside the employer's control." *Gerton v. Verizon South, Inc.*, 145 F. App'x 159, 168 (6th Cir. 2005) (citing *Kaltenberger v. Ohio Coll. of Podiatric Med.*, 162 F.3d 432, 437 (6th Cir. 1998)). Even assuming that Hurston is disabled, this claim fails because Hurston has failed to demonstrate that the Agency failed to provide timely and adequate accommodations.

Hurston also argues that the district court erroneously dismissed her retaliation claim. Specifically, Hurston argues that her job description was changed and the agency refused to accommodate her disability because she complained about race and disability discrimination and because she testified on behalf of another employee in a different employment case. However, Hurston's claim fails because she has not identified any evidence to support her conclusory allegation that the change in her job description or the Agency's alleged failure to accommodate her disability were in any way connected to her witness status in a previous employment action or her alleged discrimination complaints. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 814 (6th Cir. 1999).

Finally, as the standards for Title VII and ADA claims are equally applicable to claims under Ohio Rev. Code § 4112, *see Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1020 n.2 (6th Cir. 2000) (Title VII); *Brenneman v. MedCentral Health Sys.*, 366 F.3d 412, 418 (6th Cir. 2004), *cert. denied*, 543 U.S. 1146 (2005) (ADA), and Hurston's federal claims of race and disability discrimination lack merit, her state discrimination claims lack merit as well.

For the foregoing reasons, the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

*[signature]*
Clerk